## BARNES v. PETERSON.

1. The proper inquiry in all applications for relief against mistake is, does the instrument contain the true agreement of the parties? Is it what the parties intended it should be?

2. There being no evidence that the plaintiff was lacking in proper diligence in connection with the mistake in the execution of the deed, it was not erroneous for the court to omit an instruction respecting his negligence.

MAY 10, 1911.

Equitable petition. Before Judge · Parker. Coffee superior court. March 12, 1910.

Lankford & Dickerson and Levi O'Steen, for plaintiff in error.

J. W. Quincey and F. Willis Dart, contra.

EVANS, P. J. B. Peterson brought suit against Elmira Barnes, alleging, that on December 28, 1908, he purchased a certain described tract of land containing 60 acres more ·or less, known as the "Georgia Ann Levans land," and in pursuance of his purchase the defendant undertook to convey to him the land by· warranty deed. The scrivener selected to draw the deed inadvertently and erroneously described the northern boundary, the effect of which was to limit the land conveyed to about one half of the tract purchased. A few days after the execution of the deed the plaintiff discovered the mistake in the description of the land, and requested the defendant to correct same. This the defendant refused to do. The prayer of the petition was to reform the deed so that the land actually purchased may be properly described, and for other relief. The defendant denied that any mistake was made in the execution of the deed, and alleged that the land described in her

deed was the land purchased by the plaintiff. On the trial of the case it appeared from the evidence submitted by the plaintiff, that the defendant and her mother were indebted to him in a large sum; the mother's debt being secured by deed to a certain tract of land owned by her, and the defendant's indebtedness was secured by deed or mortgage on personalty and on 60 acres of land upon which the defendant resided, and known as the "Georgia Ann Levans land," the northern boundary of which was stated to be the "old red oak line." Upon the death of the defendant's mother she became entitled to her mother's land as heir at law, and entered into an agreement with the plaintiff that she would sell him the land upon which she lived, containing 60 acres, more or less, and also a mule, if the plaintiff would convey to her the land hypothecated to him by her mother and cancel the debts against her mother, herself, and her brother. The plaintiff cancelled the debts and executed a deed to the defendant conveying the land formerly owned by her mother, and the defendant executed to him a deed purporting to convey 60 acres, more or less, the call for the northern boundary being the "old red oak line." The plaintiff was under the impression at the time that the mortgage from the defendant to himself correctly described the land which he agreed to accept in satisfaction of the debts he agreed to settle; and in drafting the deed the scrivener was also under that impression, and obtained his information as to the boundaries from that mortgage. The defendant, immediately after the execution of her deed, expressed herself to several as having conveyed her entire tract of 60 acres to the plaintiff. In a few days, however, the plaintiff discovered the mistake and called upon the defendant to rectify it. She refused, and contended that the deed covered the land which she sold. The defendant on the trial testified that the land which she conveyed was the only land which she sold; that the entire tract contained about 60 acres, and that the northern boundary as stated in the deed left her 26 acres. The jury found in favor of the plaintiff, and the court refused a new trial.

The petition is by a purchaser of land to reform the deed by correcting an erroneous description of the land made by the draftsman. If an owner agrees to sell land and the purchaser agrees to buy it, and the deed, by mistake of the draftsman, fails to correctly describe the land, a court of equity will correct the erroneous de-

scription so as to make it conform to the actual agreement of the parties. *Collier v. Lanier,* 1 *Ga.* 238; *Ward* v. *Allen,* 28 *Ga.* 74. In such a case the proper inquiry is, does the instrument contain the true agreement of the parties? Is it what the parties intended it should be? And the court may so instruct the jury. *Wyche* v. *Green,* 11 *Ga.* 159. There was no conflict of evidence surrounding the execution of the deed; the scrivener obtained his information as to the boundaries from the old mortgage, and the purchaser erroneously supposed the boundaries as delineated in the old mortgage included the entire tract. Nor is there any dispute that the purchaser promptly filed his petition to correct the alleged mistake. The point of pressure was whether the defendant intended to sell the whole tract to the plaintiff, or only a part; in other words, whether the land actually sold was the entire tract or only such part thereof as was described in the deed. Under such circumstances instructions to the effect that if the defendant actually agreed to sell to the plaintiff the whole tract, and the intent of the parties was that the deed should include the whole tract, but one of the boundaries was misdescribed because of a mistake of the scrivener, the plaintiff would have the right to have the deed reformed so that it would speak the contract, are not erroneous because such instructions exclude consideration of any negligence on the part of the plaintiff at the time of the execution of the deed, which would prevent a reformation of the deed. If the plaintiff actually bought all the land and paid for it, he would be entitled to a deed to it. This is not a case where a purchaser accepted his deed with a knowledge that it only purported to convey a part of the land. In that kind of a case there would have been no mistake. The charges complained of were authorized by the evidence, which amply supports the verdict.

*Judgment affirmed. All the Justices concur.*