## LANGSTON v. LANGSTON.

Where the terms of an instrument express the intent of the parties at the time the contract is made, as they are then informed, in the absence of any allegation of fraud, misrepresentation, or misplaced confidence, equity will not interfere to relieve on account of ignorance of a fact by one of the parties, if by the exercise of due diligence he might have ascertained the truth.

No. 144. OCTOBER 19, 1917.

Equitable petition. Before Judge Hardeman. Chatham superior court. January 27, 1917.

John C. Langston executed a deed to his son, John F. Langston, by which he relinquished to the latter all of the interest of the former in the estate of Mrs. Lillian Langston, deceased, the wife of the former, and the mother of the latter, "owned by her at the time of her death, as well as any other property that may come into her estate since her death." At the time of her death, in addition to certain personal property, she owned a one-third interest of his wife in her father's estate. The petition alleges that land having been sold at administrator's sale, John F. Langston, by virtue of the above-described deed, collected the amount of money to which his father would otherwise have been entitled. John C. Langston filed a petition seeking, among other things, to have the deed canceled and set aside in so far as it related to the interest of his wife in her father's estate. The petition alleges that the plaintiff knew of certain enumerated personal property, but

did not know that the father of Mrs. Langston had any property or assets of any kind, or that Mrs. Langston had an interest of value in the estate of her father; and that the plaintiff and his deceased wife had lived under the impression that the realty in question belonged to her mother. The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

*J. W. Overstreet* and *Osborne, Lawrence & Abrahams,* for plaintiff: *T. J. Evans, Travis & Travis* and *Adams & Adams,* for defendant.

GILBERT, J. (After stating the foregoing facts.) The plaintiff contends that had he known that his wife possessed an interest of value in her father's estate, he would not have executed the deed relinquishing his interest to his son; and therefore he insists that there was a mistake of fact material to the contract, on account of which a court of equity will afford relief to him. The defendant insists that there was no mistake of fact, but only the ignorance of a fact, and that a court of equity will not relieve on account of the latter. "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence." Civil Code (1910), § 4570. "Ignorance is distinguishable from error. Ignorance is want of knowledge; error is nonconformity or opposition of ideas to the truth. Considered as a motive of actions, ignorance differs but little from error. They are generally found together, and what is said of one is said of both." Bouvier's Law. Dict. "Ignorance of facts and mistake of facts are not precisely equivalent expressions. Mistake of facts always supposes some error of opinion as to the real facts; but ignorance of facts may be without any error, but result in mere want of knowledge or opinion." Story's Eq. Jur. (13th ed.) 158. "Ignorance implies a total want of knowledge in reference to the subject-matter; mistake admits knowledge, but implies a wrong conclusion." 4 Words & Phrases, 3387. While there is a technical difference between ignorance of fact and mistake of fact, the dividing line is exceedingly indistinct. The decision of this issue and justice to the parties should, therefore, rest upon a more secure basis.

There is no contention that there was any misplaced confidence, misrepresentation, or other fraudulent act. It is not alleged that the mistake was mutual, and the prayer is not for a cancellation

of the entire contract, but only for a part. Thus the plaintiff seeks to avoid the effect of his contract in one particular, while the remainder is to be of force. It is not alleged that the contract is not in the precise terms intended by the parties. It is only contended that the effect of the contract is different from that contemplated, in that the grantee in the deed receives more than the grantor knew at the time that he would receive. Reformation is impossible, because the mistake is not alleged to be of both parties. Civil Code (1910), § 4579. Cancellation of a contract extends to the whole and not to a part thereof, and therefore the prayer is inappropriate to a petition seeking reformation. The Code of 1910, § 4580, provides: "In all cases of a mistake of fact material to the contract, . . equity will relieve." But this is qualified by the next section (4581), which reads, "If the party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve; nor will the ignorance of a fact, known to the opposite party, justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." *Weaver* v. *Roberson*, 134 *Ga.* 149, 155 (67 S. E. 662). Undoubtedly reasonable diligence would have disclosed a knowledge of the truth as to the ownership of the property in question. To cancel a portion of a contract because one of the parties was lacking in knowledge of the effect of the contract would be to make contracts for the parties which they never intended. It would handicap industry, enterprise, and intelligence, and put a premium on negligence and want of knowledge. In the case of Wise *v.* Brooks, 69 Miss. 891 (13 So. 836), it was held that "It is not what the parties would have intended if they had known better, but what did they intend at the time, informed as they were." See *Barnes* v. *Peterson*, 136 *Ga.* 264 (71 S. E. 163).

The case of *Mitchell* v. *Mitchell*, 40 *Ga.* 11, is cited as a ruling contrary to that made in the present case. The petition in that case alleged that the mistake was mutual, while the answer denied mutuality. The court held that the trial judge erred in refusing an interlocutory injunction. To construe this decision as holding that volunteers would be entitled to equitable relief to cancel a part of a deed would be in direct conflict with the statutes. "Equity will not interfere to relieve against accidents or mistakes of mere volunteers." Civil Code (1910), § 4569. Nor will ig-

norance by both parties of a fact justify the interference of the court. § 4582. There would be less reason for interference because of ignorance on the part of the grantor, alone. *Abbott* v. *Dermott*, 34 *Ga.* 227 (1).

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*