JOHNSON *v.* KAHRS *et al.*

No. 15168.   JUNE 6, 1945.

*McLaws, Brennan & Ziegler,* for plaintiff in error.
*Edward A. Dutton* and *John M. Brennan,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The first ground of demurrer is that the allegations of the petition do not set forth a cause of action against the defendant. The petition shows that prior to the alleged termination of the contract, the defendant was not given the 30 days' notice as provided therein; but counsel for the petitioners insist that the clause as to notice

was substantially complied with by sending him a notice and a check for a month's salary in advance, and that the agreement was "thereby terminated" as of that day. This reasoning would probably be sound if the provision for notice was merely to insure the defendant 30 days in which to seek other employment in the event that the contract was dissolved. *Webb* v. *Pullman Co.*, 57 *Ga. App.* 772, 775 (196 S. E. 477). However, other rights of the defendant are here involved. The clause providing for him to become a partner in the business when the net profits reached $5000 made the contract something more than one of mere employment. The employment contract was coupled with an opportunity to become a partner in the business.

Whether the defendant was entitled to the required notice before the contract could be terminated, depends upon the construction of the language providing for the agreement to be dissolved "because of misconduct of [the defendant], which, in the opinion of both of [the petitioners], is detrimental to said business." If this clause empowered the petitioners to dissolve the contract without giving the required 30 days' notice, merely because they were of the opinion that the defendant had done something detrimental to the business, then the defendant could have no complaint. But under the terms of this contract it covered more than simple employment. Suppose the defendant by successful operation of the business had brought the profits right up to, but just barely under the sum ($5000) which would have made him a partner; under such circumstances, could the petitioners without giving the required notice have then dissolved the contract, even though they in good faith believed that he had done something detrimental to the business; or, under such circumstances, could they have terminated the agreement merely because they concluded that he had done something detrimental to the business, regardless of how arbitrary or fantastical their reasoning might have been, or how fastidious and difficult to please they might have been? We think not. Merely sending him a check for a month's salary in advance and notifying him of the termination of the agreement, did not dispense with the requirement to give him 30 days' notice. Had the stipulated notice been given, he might have been able to convince the petitioners that their deductions as to his conduct were wrong. At least this was a right due him under the terms of the contract. "Where a for-

feiture is dependent upon the giving of a certain written notice, if it be such as can be enforced, it must appear that the notice was given in compliance with the contract both as to time and contents, and that the default occurred." *Georgia Railroad & Banking Co.* v. *Haas,* 127 *Ga.* 187, 190 (56 S. E. 313, 119 Am. St. R. 327, 9 Ann. Cas. 677) ; *Felton Beauty Supply Co.* v. *Levy,* 198 *Ga.* 383 (31 S. E. 2d, 651, 155 A. L. R. 647).

The alleged notice which was given three days before the suit was filed, stating that a check was inclosed for a month's salary and that the agreement "is hereby terminated  .  .  as of this day .  . due to your misconduct," was insufficient to show a compliance with the petitioners' part of the contract. Accordingly, the petition failed to allege a cause of action, and the trial court erred in overruling the general demurrer.

*Judgment reversed. Bell, C. J., Jenkins, P. J., and Wyatt, J., concur. Duckworth, J., dissents.*