YON *v.* THE CITY OF ATLANTA *et al.*

No. 15700. FEBRUARY 5, 1947.

*W. Paul Carpenter, G. Hall Taylor, Herman Talmadge, Hewlett & Dennis, Charles S. Barton,* and *T. F. Bowden,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The plaintiff in error contends that item 6 in the lease provided for arbitration in the event there was a disagreement between the parties as to the manner of conducting the restaurant. There is nothing in this item that could be construed as an agreement to arbitrate, as it has none of the elements of such a contract and meets none of the legal requirements. Both common law arbitration (Code, § 7-101 et seq.), and statutory arbitration (§ 7-201 et seq.), provide for the submission of the controversy to third parties; while the item here in question specifically provides that the named committee should act "on behalf of the lessor, to declare this contract void and to grant said concession to other parties."

■ It is further insisted that the contract is divisible, that item 6 thereof is void and unenforceable as being contrary to public pol-

icy, that it gives one of the parties thereto the arbitrary right to terminate it, and would oust the courts of jurisdiction and leave the lessee without the right of appeal to any tribunal.

Parties laboring under no disabilities may make contracts on their own terms, and in the absence of fraud or mistake or terms that are illegal or contrary to public policy, they must abide the contract. The fact that it is unwise or disadvantageous to one party furnishes no reason for disregarding it. In *Mackenzie* v. *Minis,* 132 *Ga.* 323 (1) (63 S. E. 900, 23 L. R. A. (N. S.) 1083, 16 Ann. Cas. 723), it was held: "Where an employee entered into a written contract with his employer, to continue at least three years if the former proved himself 'competent and satisfactory,' and agreed to perform all the duties . . to 'the satisfaction' of the latter, he was subject to be discharged if the employer was dissatisfied; and this was not dependent on whether there were reasonable and sufficient grounds for such dissatisfaction." . See also 17 C. J. S. 1006, § 495; 32 Am. Jur. 707, § 830. The terms in item 6 of the lease contract here involved are more specific than the mere use of the word "satisfactory;" as here the type of operation of the restaurant that would be satisfactory is set forth and defined to be: "That all of said articles and merchandise so sold shall be of good quality, brand, and grade, . . and if said premises and the merchandise sold therein are not up to a reasonable standard for such operation, said committee shall have the right and option, on behalf of lessor, to declare this contract void." Yon, having entered this contract with the City of Atlanta, in which he agreed that a designated committee of council in charge of the airport would be the judge of whether he operated the restaurant in accordance with the standard provided in the contract, is bound thereby. Nor does it make any difference that since the execution of the contract the name of the committee in charge of the airport has been changed, or that the personnel of the council and committee has changed.

■ The allegations to the effect that members of the committee had already prejudged the question of whether or not the petitioner had violated the terms of the lease, and that, unless the hearing before the committee is enjoined, they would vote so to find and for the cancellation of his lease, do not authorize the court to enjoin the hearing before the committee. The defendants are not

attempting to actually dispossess the petitioner, and if and when they should, he has an adequate remedy at law. Whether his lease had terminated by reason of a breach thereof could there be determined. If the committee should find that he had violated the terms of the lease contract, there would be a presumption that he had, as they are public officials and presumed to do their duty; but if it be shown that they have acted arbitrarily, capriciously, and in bad faith, this would overcome that presumption. In a contract of this kind, where a committee representing the lessor is permitted to determine certain facts which would cancel the lease, they must act honestly and in good faith. *Mackenzie* v. *Minis,* 132 *Ga.* 323 (supra); *Johnson* v. *Kahrs,* 199 *Ga.* 365, 367 (34 S. E. 2d, 503); 32 Am. Jur. 709, § 833.

■ The amendment, setting forth allegations in reference to slander and libel, was not sufficient to authorize the grant of an injunction. Irrespective of any other reason why it did not authorize the relief prayed, the allegation that a majority of the defendants had been guilty thereof, without designating them by names, would not be sufficient for the court to enjoin all of the defendants as prayed.

*Judgment affirmed. All the Justices concur.*