JAMES *v.* TARPLEY *et al.*

HAWKINS, Justice. This case is the outgrowth of an automobile collision, which occurred on May 7, 1951, involving a car driven by A. R. James and a truck owned by M. R. Tarpley and W. H. Tarpley, doing business as Fairburn Hardware Company, which truck was being driven

by Parkner N. Thomas. On May 8, 1951, Archie R. James executed the following release: "Know all men by these presents, that I/we Archie R. James for the consideration of Six Hundred Three & 19/100 Dollars to me/us in hand paid by M. R. and W. H. Tarpley and Parkner Thomas, the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns release and forever discharge the said M. R. and W. H. Tarpley and Parkner Thomas and their heirs, successors, administrators, assigns, employer, employees, bailees, agents and servants of and from all and all manner of actions, causes of action, suits, debts, accounts, judgments, claims and demands whatsoever in law or equity (including loss of services of any other person to which I/we might be entitled) as a result of or growing out of any and all injuries both to persons and/or damages to property resulting or to result or which might result from an accident which occurred on or about the 7 day of May 1951, at Fairburn, Ga., for which injury or injuries and/or damages to property I/we have claimed the said M. R. and W. H. Tarpley and Parkner Thomas to be legally liable, which liability was and is expressly denied. I/we have read the above release and I/we hereunto set my/our hands and seals this 8 day of May, 1951."

Subsequently, A. R. James filed an action in Fulton Superior Court against M. R. Tarpley and W. H. Tarpley, doing business as Fairburn Hardware Company, and Parkner N. Thomas, seeking rescission of the foregoing release and damages in the sum of $75,000 for injuries to his person and property, alleged to have been sustained as a result of acts of negligence on the part of the defendant Thomas, the agent and servant of the other named defendants, while acting within the scope of his employment. General and special demurrers were filed to the petition, and thereafter the special demurrer was sustained with leave to the plaintiff to amend by attaching to his petition a copy of the release sought to be canceled, which the plaintiff did within the time allowed. The plaintiff thereafter amended his petition a second time by adding a prayer that the said release be set aside and canceled on the ground of mutual mistake. The petition as amended alleged: how the accident happened, described the injuries sustained by the plaintiff, and the damage to his automobile; that on a day after the accident the defendants proposed a settlement, and that at said time the plaintiff did not know or believe he had any injuries other than a laceration on his head which would clear up promptly; that defendants likewise then believed that the plaintiff was not injured except to the extent of having a laceration on his head; that the only other item of damage which either the plaintiff or the defendants knew of was property damage to his automobile; that while the plaintiff and the defendants were laboring under the mutual mistake of fact as to the extent of the injuries which had been sustained by the plaintiff, the case was settled by the payment to the plaintiff of the sum recited in the release; that, upon discovery that his injuries were serious and permanent, he made a tender back of $603.19 and demanded that the release be rescinded and canceled; and that the

defendants acknowledged the tender, but refused it and declined to rescind said release. It was further alleged that said release, by reason of mutual mistake of fact, is not binding, and that the plaintiff continues his tender. The defendants having renewed their general demurrer to the petition as twice amended, the court entered an order sustaining the demurrer and dismissing the petition, and the appeal is from that judgment. The sole question for determination here is, can a general release, otherwise valid, be set aside on the ground of mutual mistake under the facts as here alleged. *Held:*

1. The right of parties to contract, who are laboring under no disability, is elementary. In this case there is no allegation of fraud, misrepresentation, misplaced confidence, undue influence, or other act that might cause the contract to be set aside. Code, § 37-211; *Langston* v. *Langston,* 147 *Ga.* 318 (93 S. E. 892). The injured party did not have to sign ·the contract of release. If the parties to the contract intended that it should only compensate and relieve from liability for damage to an automobile and a laceration on the head of the plaintiff, then they should have so stated in the writing. ·They did not do this, but, on the contrary, clearly anticipated that other injuries might show up láter when they recited in the release that the defendants were being released and forever discharged "from all . . suits . . claims and demands whatsoever . . as a result of or growing out of any and all injuries both to persons and . . damages to property resulting or to result or which might result" from the accident. *Prince* v. *Friedman,* 202 *Ga.* 136, 140 (2) (42 S. E. 2d, 434); *Yon* v. *City of Atlanta,* 201 *Ga.* 800, 804 (41 S. E. 2d, 516).

2. While Code § 37-207 provides that equity "may rescind and cancel" a written contract "upon the ground of mistake of fact material to the contract of one party only," ignorance of fact is no cause for rescinding a contract. Code, §§ 37-210, 96-210; *Prince* v. *Friedman,* 202 *Ga.* 136, supra. Where, as in this case, by reasonable diligence the plaintiff could have ascertained the extent of his injuries (Code, § 37-211), and there was no necessity for his rushing into a settlement, the law (Code, § 3-1004) giving him two years in which to bring an action to recover for such injuries, a court of equity will not relieve him from the injurious, unwise, or disadvantageous consequences of his own act in executing the release in question. *Adler* v. *Leopold Adler Co.,* 205 *Ga.* 818 (55 S. E. 2d, 139); *Yon* v. *City of Atlanta,* 201 *Ga.* 800, supra. See also *Jossey* v. *Georgia Southern & Florida Ry. Co.,*. 109 *Ga.* 439 (34 S. E. 664).

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*

No. 18010. ARGUED OCTOBER 15, 1952—DECIDED NOVEMBER 13, 1952— REHEARING DENIED NOVEMBER 25, 1952.

*Wilbur B. Nall, Nall & Sterne* and *Clinton J. Morgan,* for plaintiff in error.

*Marshall, Greene, Baird & Neely* and *Ferdinand Buckley,* contra.

HEAD, Justice, dissenting. The petition alleges a mutual mistake of fact, in that the plaintiff and the defendants believed that the plaintiff was not injured except to the extent of having a laceration on his head. The plaintiff relies upon the Code, § 37-206, that equity may relieve from a mistake of fact material to the contract. The opinion states that the plaintiff could have ascertained the extent of his injuries (Code, § 37-211), and that there was no necessity for his rushing into a settlement, since the law gives him two years in which to bring an action for his personal injuries.

The writer is unable to agree that any criticism should attach to the plaintiff by reason of the promptness of the settlement, nor can I agree that the conclusion is demanded that there was no necessity for a prompt settlement of the plaintiff's claim. The conclusion would be as amply justified that the defendants were insisting upon an immediate and prompt settlement in order to gain an unconscionable advantage against the possibility that the plaintiff's injuries were much more serious than would appear from external observation. The injuries were inflicted on May 7, and the settlement was made on May 8. While extreme care and caution might have dictated that the plaintiff enter a hospital and be examined and scrutinized by a staff of physicians, he apparently did what an ordinary person would have done under the circumstances who intended to be reasonable and fair, and not attempt to take any advantage of the situation wherein his injuries occurred.

As to whether or not a skilled physician might have ascertained from the nature of the plaintiff's injuries that serious complications would result, is a question of fact, and whether or not the plaintiff was negligent under all the circumstances in failing to avail himself of medical science and skill would be a question for determination by the jury.