35942. BENNETT *v.* DOVE.

CARLISLE, J. 1. A single wrongful or negligent act which injures both one's person and his property gives but a single cause of action (*Georgia Ry. &c. Co.* v. *Endsley,* 167 *Ga.* 439, 145 S. E. 851, 62 A. L. R. 256; *Western & Atlantic R. Co.* v. *Atkins,* 141 *Ga.* 743, 82 S. E. 139), in the absence of a waiver by the defendant as to the bringing of separate suits by the plaintiff for the injuries to his person and to his property. *Georgia Ry. &c. Co.* v. *Endsley,* supra.

2. A settlement of the property damage will bar an action for damages on account of injuries to the person, where the property and personal damages are the result of a single wrongful or negligent act. *Western & Atlantic R. Co.* v. *Atkins,* supra; *Giles* v. *Smith,* 80 *Ga. App.* 540 (56 S. E. 2d 860).

3. "The construction of contracts is a prerogative of the courts which is delegated to the jury only when there are ambiguous expressions in the contract and resort must be had to aliunde testimony in order to clarify the meaning of the language used, as it was understood by the parties, and thus make plain their real intention." *Ludden & Bates Southern Music House* v. *Dairy & Farm Supply Co.,* 17 *Ga. App.* 581 (87 S. E. 823).

4. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in sustaining the motion to dismiss, in the nature of a general demurrer, or in dismissing the plaintiff's petition. There is no allegation of fraud, misrepresentation, misplaced confidence, undue influence, or other act which might cause the contract to be set aside. The contract was for a valuable consideration and released the defendant "from any and all actions, causes of action, damages or demands of whatever name or nature in any manner arisen, arising or to grow out of any and all accidents or matters especially an accident to my 1952 Plymouth coupe claimed by . . . [the plaintiff] to have been sustained on or about 13 day of Jan., 1955 . . . [and] the above consideration is in full settlement of any and all damages to the . . . [plaintiff] arising from or out of any and all matters aforementioned." The contract is unambiguous. If the plaintiff and the defendant had intended that the contract should only compensate and relieve from liability for damage to the automobile, then they should have so stated in writing, otherwise the broad general terms of the contract are all-inclusive, and since a single wrongful act which injures one's person and one's property gives but a single cause of action, the release constitutes a complete defense to the plaintiff's cause of action. See *James* v. *Tarpley,* 209 *Ga.* 421, 423 (73 S. E. 2d 188).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 21, 1955.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* contra.