36564. TURNER *v.* KRAFT.

544

DECIDED APRIL 2, 1957—REHEARING DENIED APRIL 17, 1957.

*Bouhan, Lawrence, Williams & Levy, Kirk McAlpin,* for plaintiff in error.

*Myrick & Myrick,* contra.

GARDNER, P. J. ■ It is contended by counsel for the defendant that the City Court of Savannah was without jurisdiction to try the plea in bar of accord and satisfaction. The act creating the City Court of Savannah, reads in part: "Any defendant in any cause in said City Court may set up equitable defenses, and, if, by reason thereof, it becomes necessary to make other persons parties to the cause, it may be done in the same manner as in the Superior Courts; and it shall be within the power of the said City Court, in a proper cause, to mould the verdict at law so as to do full justice to the parties, and in the same manner as a decree in equity, and the judgment and execution shall conform to the verdict." It is our opinion that the facts in the instant case authorized the City Court of Savannah to entertain the responsive pleadings to the plea in bar of accord and satisfaction. City courts have authority to entertain equitable defenses and the provision of law creating the City Court of Savannah quoted in part hereinabove specifically granted such authority.

■ We come next to consider whether or not the court erred in denying the motions of both the plaintiff and the defendant regarding the question of mutual mistake. To our minds *Bass* v. *Seaboard Air Line R. Co.,* 205 *Ga.* 458 (53 S. E. 2d 895) controls the issue in the instant case. That case was written by our eminent Chief Justice Duckworth. It is an exhaustive treatise on the question now before us. It is a full-bench decision. In this connection we call attention to Tulsa City Lines *v.* Maims, 107 Fed. 2d 377. It is the opinion of the writer that we might well rest the case here and hold that the trial judge of the City Court of Savannah committed no reversible error. As the case now stands it is for a jury to determine whether or not the defensive pleadings of Kraft, if proven, would support the plea of mutual mistake. We will discuss one other case which is urged by counsel for each party concerning the issue before us. That case is *James* v. *Tarpley,* 209 *Ga.* 421 (73 S. E. 2d 188). The plaintiff contends that the issues in that case are controlling in

the instant case. The defendant, on the other hand, contends that they are not applicable under the facts of the instant case. Let it be kept in mind that Chief Justice Duckworth who wrote *Bass* v. *Seaboard Air Line R. Co.*, supra, was Chief Justice of the Supreme Court when *James* v. *Tarpley*, supra, was decided. The *Bass* case was not mentioned in the *James* case although the *James* case was not an unanimous opinion of the Supreme Court, there being a dissenting opinion in the *James* case by Justice Head. Certainly, the Supreme Court in writing the *James* case did not overlook the *Bass* case. In the opinion of the writer, there is a clear distinction between the facts and the principles of law involved in the *Bass* case and in the *James* case. The *James* case involves an instance where the party who signed the release was not misled by anyone but undertook to go ahead and sign a release after which he claimed that he did it on mistake on the part of James. The *James* case is totally different from the case at bar, as the facts show. That case turned upon what the appellate court said was ignorance of fact, and that is not a lawful excuse. It will be noted also that in the *James* case affirmative relief was sought in the original petition brought by James to rescind the contract and was in no wise in the nature of a defensive act. This view of the *James* case must be correct, since the court did not mention the *Bass* case. It is conclusive to the mind of the writer that the Supreme Court realized that the facts and the law involved in the *James* case were entirely different from those in the *Bass* case.

There are numerous decisions called to our attention by counsel for both parties, but in view of what we have stated hereinabove, we see no necessity for calling attention to them.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*