## 38299.   FOLSOM v. MILLER.

DECIDED JUNE 16, 1960—REHEARING DENIED JULY 21, 1960.

*James H. Pate, John R. Rogers,* for plaintiff in error.
*Watson & Keenan, Reinhardt & Ireland,* contra.

NICHOLS, Judge.   While similar questions have heretofore been decided, the exact question here presented has apparently never been presented to the appellate courts of Georgia for decision.

The defendant in the action instituted by Mrs. Miller was insured by the Newark Insurance Company as to liability insurance and the automobile being driven by him was covered by a "collision" policy issued by this same insurer.   The insurer paid the owner of the automobile, a partnership in which Folsom was a general partner, under the "collision" coverage for the damage done to the automobile and took a loan receipt for such amount.   Thereafter, when Mrs. Miller sued Folsom, the chose in action

was assigned to Folsom before his cross-action against Mrs. Miller was instituted. The cross-action was for the property damage to the Cadillac automobile as well as for the alleged personal injuries to Folsom, and was filed by the attorneys defending Folsom for the insurance company, who had filed the original answer in the suit, as well as another attorney. The settlement was made by the firm of attorneys who had filed the original answer.

The case of *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500 (196 S. E. 279), involved a situation where an insurance company settled a claim without any knowledge of its insured and it was held that under such circumstances, the insurance company being an independent contractor and not the insured's agent, the settlement did not bind the insured. A similar situation arose in the case of *Lowance v. Dempsey*, 99 Ga. App. 592 (109 S. E. 2d 318), where it was held that the settlement of an action filed in the name of the insured in a "collision" policy by attorneys for the insurer would not estop the insured from prosecuting, through different attorneys, an action for his personal injuries in the only court having jurisdiction of the property damages and the personal injuries.

In the case of *Giles v. Smith*, 80 Ga. App. 540 (56 S. E. 2d 860), it was held that, where the plaintiff had paid the employee of the defendant a sum of money in settlement of the employee's claim against the plaintiff, the plaintiff could not recover from the employer for damages arising out of the same collision, since the master's liability depended on the employee's acts which had been released, the release of one releasing the other.

The case of *Bennett v. Dove*, 93 Ga. App. 57 (90 S. E. 2d 601), held that the plaintiff's case cannot be partially settled; that the property damages cannot be settled and then suit entered for the personal injuries of the same party.

In the case of *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500, supra, the settlement was made without the knowledge of the insured and the insured was not bound, since the insurance company was not his agent. In the other cases the party was bound when the settlement was made by him but not by the action taken by the insurer contrary to the terms of the contract.

The insured in this case was represented by the attorney for the insurance company, not only in the defense of the action against the insured, but also, in his cross-action, such attorneys actually being named as the attorneys on such cross-action together with another attorney, hence the case is distinguishable from all the above cases.

" 'A principal is bound by the acts of his agent, within the authority he has actually given him, which includes not only the precise act expressly authorized to be done, but also whatever usually belongs to the doing of it, or is necessary to its performance. Beyond that he is liable for the acts of the agent, within the appearance of the authority he knowingly permits the agent to assume, or holds the agent out to the public as having.' Law v. Stokes, 32 N. J. L. (3 Vroom) 249 (2), (90 Am. Dec. 655)." *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212, 215 (59 S. E. 713). "When an alleged principal, by acts or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency, to the injury of third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation." *Davis v. Citizens-Floyd Bank &c. Co.,* 37 Ga. App. 275 (1) (139 S. E. 826). The attorneys settling the claim of Mrs. Miller against Folsom were representing Folsom and it necessarily follows that the judgment of the trial court overruling the demurrer and motion to strike the plea of accord and satisfaction was not error. Under the above facts, while the attorney originally employed by the insurance company to defend the action against Folsom under the terms of the insurance contract executed an affidavit which was admitted as evidence on the trial of the case stating that his firm was not interested in the cross-action, yet such cross-action was filed by his firm, and under the above quoted authorities Folsom is estopped to deny the authority of such attorney to settle all the litigation between Mrs. Miller and himself. The finding by the jury was demanded by the evidence, and the judgment overruling the motion for new trial was not error. The alleged errors complained of in the amended motion for new trial, if error, were harmless.

*Judgment affirmed. Carlisle, Bell and Frankum, JJ., concur. Felton, C. J., Gardner, P. J. and Townsend, J., dissent.*

FELTON, Chief Judge, dissenting. The plaintiff, Mrs. A. D. Miller, signed a release the consideration for which was paid by the Royal Globe Insurance Group in settlement of her claim against the defendant, Sidney M. Folsom, who was insured by Royal Globe. In the last paragraph of this release, on page 98 of the record, it is provided: ". . . that there is absolutely no agreement on the part of said Sidney M. Folsom, P. E. Kennedy, Kennedy Naval Stores, Kennedy Engineering Company and Kennedy Construction Company to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to." My construction of this agreement is that there was nothing settled by Mrs. Miller's release except her claim against the defendant Folsom and that, since the defendant's claim against Mrs. Miller was not expressly mentioned in the release, the defendant was entitled to proceed against the plaintiff for damages.

*Gardner, P. J., and Townsend, J., concur in the foregoing dissent.*