45395. EDWARDS v. FINCHER.

JORDAN, Presiding Judge. This is a personal injury action for damages sustained in an automobile collision. The defensive pleadings on motion for summary judgment disclose the uncontradicted fact that the plaintiff signed a receipt acknowledging payment "in full settlement and release of any and all claims of property damage, heretofore sustained, or which may hereafter arise, in consequence of any accident which occurred on or about 2 December 1968." The trial judge denied the motion and certified his ruling for appeal. *Held:*

We reverse. The sole question for review is whether the release, though pertaining only to property damage, bars a subsequent action for personal injuries resulting from the same tortious act. The Supreme Court answered the question in the affirmative in *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680), and this court must follow this ruling.

The trial court therefore erred in refusing to grant summary judgment for the defendant.

*Judgment reversed. Eberhardt and Pannell, JJ., concur. Jordan, P. J., concurs specially.*

SUBMITTED JUNE 4, 1970—DECIDED JUNE 23, 1970—REHEARING DENIED JULY 8, 1970—

*Ingram, Flournoy & Downey, Conley Ingram,* for appellant.
*G. Robert Howard,* for appellee.

JORDAN, Presiding Judge, concurring specially. While the holding in the *Gregory* case, supra, seems broad enough to control here, it should be pointed out that the release under consideration in that case, as well as the one in *Giles v. Smith,* 80 Ga. App. 540 (56 SE2d 860) and in *Bennett v. Dove,* 93 Ga. App. 57 (90 SE2d 601), both cases cited and relied upon in *Gregory,* was in the nature of a general release as to *all* claims, though the consideration involved in *Gregory* and *Bennett* related to property damage only.

In the case here under consideration, the body of the release clearly and specifically applies only to "claims of property damage." The instrument is captioned "Receipt and Release, *Property Damage,"* with italics as shown. The contract is unambiguous and was clearly intended to operate as a release of the claim for property damage only. Language from the *Bennett* case indicates that such can be done by a clear and specific agreement between the parties, for it was there said, *"If the plaintiff and the defendant had intended that the contract should only compensate and relieve from liability for damage to the automobile, then they should have so stated in writing,* otherwise the broad general terms of the contract are all-inclusive, and since a single wrongful act which injures one's person and one's property gives but a single cause of action, the release constitutes a complete defense to the plaintiff's cause of action." (Hn. 4). (Emphasis supplied.) And in *James v. Tarpley,* 209 Ga. 421 (1) (73 SE2d 188), the following: "The right of parties to contract, who are laboring under no disability, is elementary. . . The injured party did not have to sign the contract of release. *If the parties to the contract intended that it should only compensate and relieve from liability for damage to an automobile and a laceration on the head of the plaintiff, then they should have so stated in the writing. They did not do this."* (Emphasis supplied.)

The question is thus raised as to whether an injured party may

effect a release as to one item of damage arising from a single wrongful act while reserving his claim to another by the terms of a contract which clearly and specifically expresses such an intent on the part of the injured party and the wrongdoer. In my opinion the answer should be yes, just as the language from *Bennett* and *James* would indicate.

The primary consideration is the true intention of the parties. As we held in *Henderson v. Garbutt,* 121 Ga. App. 291 (173 SE2d 445), "[w]hether a given transaction amounts to a settlement and an accord and satisfaction of the entire claim, or is a pro tanto payment only, is governed by the law of contracts and requires a meeting of the minds."

An examination of the instrument in this case shows a clear intent and a "meeting of the minds" that it relates only to the claim for property damage. Failure to uphold such an agreement, it not being against public policy or invalid for any other reason, is a travesty upon the contractual rights of the parties.