### 60472. POWELL v. SOUTHERN TRUST INSURANCE COMPANY et al.

DEEN, Chief Judge.

Jimmy Lloyd Powell appeals from the grant of summary judgment in favor of Southern Trust Insurance Company.

The evidence shows that on March 3, 1978, Powell was involved in an automobile accident when the truck he was driving was involved in a collision with an automobile driven by Randolph R. Upton. Several days later, he sought treatment for pain in his right shoulder at Paulding Memorial Hospital's emergency room. No evidence of any injury was detected. On March 21, 1978, he visited his family physician and was advised that the pain in his right shoulder was caused by either bursitis or arthritis.

As Upton did not have insurance coverage, Powell advised his uninsured motorist carrier, Southern Trust, of the accident. A settlement of $433 was reached and Powell executed a "Release-Trust Agreement" with the insurance company on March 27, 1978. The agreement stated that he released and discharged ". . . the Company from any and all claims under the Uninsured Motorist

Protection coverage . . ." afforded under his insurance policy resulting from the March 3, 1978, accident.

Powell claims that he subsequently learned that he had suffered serious injury and that the release provision is void because of mutual mistake. *Held:*

" 'If a person releases his claim for damages for injuries, ignorant of the facts which may affect such injuries, and meaning to waive all inquiry thereinto and investigation thereof, any mistake with reference thereto is not a mistake in the legal sense. The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue.' [Cit.]" *Kennedy v. Bateman,* 217 Ga. 458, 461 (123 SE2d 656) (1961).

Appellant's reliance upon *Turner v. Kraft,* 95 Ga. App. 543 (98 SE2d 204) (1957) and *Bass v. Seaboard Airline R. Co.,* 205 Ga. 458 (53 SE2d 895) (1949) is misplaced. In *Turner,* the agent for the defendant told the plaintiff that he had checked with the plaintiff's doctor who had informed him that the plaintiff's injuries were not serious. Relying upon what the defendant's agent told him and what he had been told by the doctor, the plaintiff signed a release. In seeking to avoid the release, he alleged that both he and the defendant's agent were laboring under a mutual mistake as to the extent of his injuries. In *Bass,* the plaintiff was treated by a company doctor who informed him that his injury was not serious and acting in reliance on this information, he signed a release.

In the present case there was no reliance by the plaintiff upon anything said by the defendant's agent nor upon the statement of a physician employed by the insurance company, but only upon the allegedly mistaken diagnosis of his own physician. Thus, he comes within the ambit of the rule set forth in *Kennedy,* supra.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 15, 1980.

*Timothy A. McCreary, Donald B. Howe, Jr.,* for appellant.
*Michael G. Hartley,* for appellees.