A93A1501. VICKERS v. ROADWAY EXPRESS, INC. et al.
(435 SE2d 253)

BIRDSONG, Presiding Judge.

A. W. Vickers appeals the order granting summary judgment to appellees. Mr. Vickers was injured when a truck driven by an employee of Roadway Express, a common carrier, collided with Vickers' motorcycle. Protective Insurance Corporation (PIC) is the insurer of Roadway Express. Vickers was x-rayed at the Urgent Care Center shortly after the accident and was informed that his x-rays were negative. Later the same day he was contacted by phone by an insurance adjuster representing PIC. The adjuster met with him the next day. The adjuster allegedly told Vickers that she was happy his x-rays were negative (although she had not seen either the x-rays or any report pertaining thereto); the adjuster also informed Mr. and Mrs. Vickers that Mr. Vickers' no-fault insurance would be responsible for paying his medical bills provided Vickers had full coverage. Vickers stated that he had all the coverage one can buy. Mrs. Vickers got out their automobile policy, but the adjuster did not look at it. Within a week of the accident, the adjuster settled the claim for $3,500 and obtained a general release of all of Vickers' property damage and personal injury claims, whether known or unknown and foreseen or unforeseen. Subsequently, Vickers learned that he had to have a back operation for a ruptured disk sustained during the collision. Vickers' own insurance company denied liability on the grounds that the motorcycle was not a covered vehicle under the policy. Vickers brought suit, and appellees defended on the basis that they were released from liability. Appellant contends the release was not binding due to mutual mistake and the adjuster's misrepresentation; specifically, appellant argues that both he and the adjuster were mistaken about the extent of appellant's injuries and about the availability of no-fault medical payment insurance for injuries sustained in a motorcycle accident. We agree with the superior court's detailed analysis and affirm. *Held*:

1. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) establishes the standard for grant of summary judgment to a movant-defendant.

2. "Constructive fraud is legal fraud, but does not require knowledge or scienter: 'Misrepresentation of a material fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party, or made *innocently and mistakenly and acted on by the opposite party, constitutes legal fraud.*' [Cit.] . . . 'Constructive fraud consists of any act of omission or commission, contrary to *legal or equitable duty, trust, or confidence justly reposed*, which is contrary to good conscience and operates to the injury of another.' [Cit.]" *Macon-Bibb County Hosp. Auth. v. Ga. Kaolin Co.*, 646 FSupp. 90, 93 (M.D. Ga. 1986), aff'd 817 F2d 98 (11th Cir. 1987). Appellant and

the adjuster negotiated the settlement at arms length; there existed no confidential or fiduciary relationship between them. Compare *Macon-Bibb County* at 93; see *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58, 60 (239 SE2d 381). No evidence of record exists from which it can be inferred that the adjuster knew or should have known that any of her statements regarding appellant's medical condition were false at the time made, or that she made such statements recklessly. Further, no genuine issue of material fact exists that Vickers relied and acted upon the statements of the adjuster, regarding his medical condition, in electing to accept the $3,500 settlement. See generally OCGA § 23-2-52. The record establishes that Vickers subsequently called personnel at the emergency medical facility and verified that his x-rays appeared negative before accepting the settlement offer; he also contacted an attorney and discussed the settlement offer before electing to accept it. In view of the clear and palpable evidence of record, there exists no genuine issue of material fact as to fraud, actual or constructive, or misrepresentation of any material fact by the adjuster regarding Vickers' medical condition.

Further, as appellant was not prevented by the adjuster from making independent inquiry and verifying the scope of his insurance coverage, he has no viable defense based on fraud on the grounds that the adjuster misrepresented the scope of his insurance coverage. In fact, appellant was quite familiar with his insurance agent and made no attempt to contact that individual before executing the release and accepting settlement. " ' "One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. (Cits.) Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar (a defense) based on fraud." ' " (Citations omitted.) *Gardiner v. McDaniel*, 202 Ga. App. 663 (1) (415 SE2d 303). Appellant failed to exercise ordinary diligence by making an independent verification of the terms and extent of coverage of his insurance policy.

3. Appellant further asserts there existed a mutual mistake of fact, as both he and the adjuster believed his medical expenses would be covered under the terms of his own insurance policy. Parol evidence is admissible to demonstrate that the parties to a release were honestly mistaken as to the legal effect of the instrument. *Roberson v. Henderson Chemical Co.*, 171 Ga. App. 722, 724 (3) (320 SE2d 835); compare *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697 (377 SE2d 210). However, appellant is not challenging the scope of the terms of the release, but rather the circumstances underpinning its execution. " ' "[A] release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than

the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue." ' " (Citations omitted.) *Powell v. Southern Trust Ins. Co.*, 156 Ga. App. 106, 107 (274 SE2d 110); accord *Kennedy v. Bateman*, 217 Ga. 458, 461 (123 SE2d 656). "Under Georgia law, absent special circumstances plaintiffs may attack a contract in a court of law on grounds of fraud only where they have exercised due diligence in protecting themselves, instead of merely relying blindly upon representations of another later claimed to have been false. [Cits.] The same rule requiring diligence applies where plaintiff alleges no fraud but a mutual mistake of fact, [cit.], and it applies in the specific situation in which plaintiff claims that what was misrepresented to him was the contents of a contract which he could have read for himself but failed to read. [Cit.] 'Where from all the allegations of the pleader it appears that he showed no diligence in ascertaining the nature of the contract he signed, neither a court of law nor equity will relieve him of the consequences.' " *Walsh v. Campbell*, 130 Ga. App. 194, 197 (202 SE2d 657). Appellant had reasonable access to his insurance agent and to his policy of insurance, yet failed to exercise diligence to ascertain the scope of his insurance coverage before accepting settlement and executing the release. Neither law nor equity will provide relief in such instances. Id.; *Powell*, supra.

Appellant's reliance on *Bass v. Seaboard &c. R. Co.*, 205 Ga. 458 (53 SE2d 895) and *Turner v. Kraft*, 95 Ga. App. 543 (98 SE2d 204) is not persuasive. The trial court, citing *Powell*, supra, concluded that "the factual situations which persuaded the Supreme Court to void the release in *Bass* and the Court of Appeals to void the release in *Turner* are not present here. The instant case is more analogous to *Powell* because Vickers signed the release in reliance on the mistaken diagnosis of the independent medical personnel who were treating him." We agree. Although none of the cases cited by the parties are directly in point, under the circumstances of this case, we find more persuasive and controlling the authority of *Gardiner*, supra; *Powell*, supra; and *Walsh*, supra.

Appellant's various contentions in support of his enumeration of error are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 5, 1993 —
RECONSIDERATION DENIED AUGUST 20, 1993

*Dozier, Akin, Lee & Graham, Lester Z. Dozier, Jr.*, for appellant.

*Dennis, Corry, Porter & Gray, Grant B. Smith,* for appellees.