A06A0281. BAILEY et al. v. GRIFFEN et al.
(630 SE2d 163)

MIKELL, Judge.

Appellants James Arthur Bailey and Charlene Bailey and appellees Christopher Derek Griffen, Sarah Griffen, Milton Griffen, State Farm Mutual Automobile Insurance Company ("State Farm"), John Doe, and John Doe, Inc., filed cross-motions for summary judgment in this breach of contract action, which arose out of the settlement of a personal injury lawsuit. At issue in both motions was the validity of the release executed by the appellants, which they sought to void for mutual mistake. The trial court concluded that the release barred the Baileys' complaint. We affirm.

The relevant facts are undisputed. James Bailey and Christopher Griffen were involved in an automobile accident on November 29, 2001. Immediately after the accident, Bailey sought treatment with Dr. John Norman, who had performed surgery on Bailey's right

---

[8] *Peebles v. State*, 260 Ga. 430, 431 (1) (396 SE2d 229) (1990), citing *Colorado v. Spring*, 479 U. S. 564, 577 (III) (B) (107 SC 851, 93 LE2d 954) (1987).

hand eight to ten days earlier. Dr. Norman referred Bailey to Dr. Michel Pare, who ultimately performed a cervical fusion on Bailey's neck. On July 22, 2002, Dr. Pare wrote a letter to Bailey's counsel, informing him that the automobile accident "was in no way related to the necessity of [Bailey's] surgery." Relying thereon, counsel sent a letter to State Farm's claim adjuster, Billy Rich, offering to settle Bailey's personal injury claim for $4,500. The Baileys ultimately settled their personal injury claim for $2,500 and executed a "Release" confirming same on October 24, 2003. The Release provided that the Baileys released and forever discharged

> Sarah & Milton Griffin [sic] & Christopher Griffin [sic], their heirs . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from [the] accident. . . . Undersigned hereby declares that the terms of this settlement and the foregoing notice have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

On October 22, 2003, Dr. Pare informed Bailey's counsel that his earlier opinion was incorrect. In his letter, Dr. Pare wrote that the accident aggravated Bailey's "pre-existing condition of multiple severe degenerative changes in his cervical spine" and that his "letter dated July 22, 2002[,] is a clerical error and should be disregarded." Bailey's counsel then sent a letter to Rich, enclosing Dr. Pare's letter and a check to State Farm in the amount of $2,500. He informed Rich that Bailey was rescinding the settlement agreement and demanded $65,000 to settle the case. Litigation ensued, and the parties filed motions for summary judgment.

In *Kennedy v. Bateman*,[1] the plaintiff sought to void the release she signed the day after her automobile accident on the ground of mutual mistake as to the seriousness of her injuries. Like the release in the case sub judice, the *Kennedy* release discharged the defendants

---

[1] 217 Ga. 458 (123 SE2d 656) (1961).

from all actions related to known and unknown personal injuries.[2] Once the plaintiff discovered that her injuries were more serious than originally diagnosed by her physician, she returned the check received as consideration for the release and filed her lawsuit. Upholding the validity of the release, the Supreme Court stated:

> Parties may preclude recovery for all injuries, whether known or unknown, if it is their intention at the time to do so. If a person releases his claim for damages for injuries, ignorant of the facts which may affect such injuries, and meaning to waive all inquiry thereinto and investigation thereof, any mistake with reference thereto is not a mistake in a legal sense. The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue. Also, a release may be avoided where the releasor can show that it was executed by mutual mistake unless it further appears that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished.[3]

Applying the rule in *Kennedy*, we held in *Powell v. Southern Trust Ins. Co.*[4] that a release was not void on grounds of mutual mistake where the plaintiff learned subsequent to signing the release that he had suffered serious injury. There, the plaintiff and the insured's agent relied upon the alleged mistaken misdiagnosis of the plaintiff's personal physician, and there was no reliance by the plaintiff upon anything said by the insurer's agent or the statement of a physician employed by the insurer.[5] Similarly, in *Vickers v. Roadway Express*,[6] we refused to void a release where the plaintiff and the insurance adjuster relied on the alleged misdiagnosis of independent medical personnel. In that case, the plaintiff was told that the x-rays of his back taken shortly after the accident were negative, then subsequently learned that he needed surgery for a ruptured disk sustained during the collision.[7]

---

[2] Id. at 459.
[3] (Citations and punctuation omitted.) Id. at 460-461.
[4] 156 Ga. App. 106, 107 (274 SE2d 110) (1980).
[5] Id.
[6] 210 Ga. App. 78 (435 SE2d 253) (1993).
[7] Id.

Even though this case is somewhat distinguishable because Bailey knew the severity of his injuries, but relied upon the mistaken diagnosis as to the cause thereof, the fact remains that the Baileys discharged the defendants from all claims related to "known and unknown" injuries and that in doing so, relied solely on the advice of Bailey's personal physician, not on anything said by an agent of the insured. Accordingly, we affirm the judgment of the trial court.[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 17, 2006 

*Waycaster, Morris & Dean, R. Leslie Waycaster, Jr.,* for appellants.

*Davis, Kreitzer, Kemp, Joiner & Melton, F. Gregory Melton, John W. Davis, Jr.,* for appellees.

---

[8] But see *Bass v. Seaboard Air Line R. Co.,* 205 Ga. 458, 467-469 (53 SE2d 895) (1949) (Supreme Court reversed judgment sustaining demurrer on claim to void release where plaintiff relied upon misrepresentations of defendant's agents in executing the release).