26505. FOREMOST DAIRIES INC. *v.* CAMPBELL COAL CO.

Decided March 16, 1938.

*William A. Mitchell Jr., James C. Howard Jr., Jack Feagin,* for plaintiff.

*Alston, Alston, Foster & Moise, William B. Spann Jr.,* for defendant.

Stephens, P. J. Foremost Dairies Incorporated brought suit against Campbell Coal Company in the municipal court of Atlanta, Fulton section, to recover for damage to an automobile truck belonging to the plaintiff, alleged to have been caused by the defendant's negligent operation of its truck which collided with the plaintiff's truck at a public street intersection in the City of Atlanta. The defendant in its plea denied liability. It alleged that its truck, as a result of the collision with the plaintiff's truck, was damaged to the amount of $134.53, and pleaded in bar an alleged agreement in settlement by the plaintiff, Foremost Dairies Incorporated, "acting by and through its insurance carrier, the Liberty Mutual Insurance Company," by which the defendant Campbell Coal Company accepted the sum of $134.53 in settlement of all claims and demands which the defendant Campbell Coal Company had against the plaintiff, Foremost Dairies Incorporated, resulting from any negligence on the part of Foremost Dairies Incorporated at the time and place referred to in the plaintiff's petition. The defendant alleged that this agreement was in accord and satisfaction, and in full and complete settlement between the plaintiff

Foremost Dairies Incorporated, and the defendant Campbell Coal Company, "as to all claims, demands, actions, and causes of actions, damages, cost, expenses, and loss growing out of or flowing from the collision between the trucks of plaintiff and defendant described in plaintiff's petition." The agreement, which was in writing and which was attached as an exhibit to the defendant's plea, but which, as it appears of record, was not signed by any one, is as follows: "Know all men by these presents, That we, Campbell Coal Company, a corporation duly established by law, of 238 Marietta Street, in the City of Atlanta and County of Fulton and State of Georgia, being of full age, and for the sole consideration of ($134.53) one hundred thirty-four and 53/100 dollars to us paid by Foremost Dairies Inc., a corporation duly established by law, and J. E. Ruff, an individual, the receipt whereof is hereby acknowledged, do hereby release, acquit, and discharge the said Foremost Dairies Inc. and J. E. Ruff from all claims and demands, actions, and causes of action, damages, cost, loss of service, expenses, and compensation on account of, or in any way growing out of, personal injuries and property damage resulting or to result from accident that occurred on or about the 8th day of December, 1936, at or near Park Avenue and Orme Circle, Atlanta, Georgia, by reason of our truck having been in collision with a truck owned by the said Foremost Dairies Inc. and operated by the said J. E. Ruff, and do hereby for ourselves, our heirs, executors, and administrators, covenant with said Foremost Dairies Inc. and J. E. Ruff to indemnify and save harmless the said Foremost Dairies Inc. and J. E. Ruff from all claims and demands for damages, costs, loss of service, expenses, or compensation on account of, or in any way growing out of, said accident or its results, both to person or property. It is further agreed that this release expresses a full and complete settlement of a liability claimed and denied and, regardless of the adequacy of the compensation, is intended to avoid litigation, and that there is absolutely no agreement on the part of said Foremost Dairies Inc. and J. E. Ruff to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to."

The plaintiff's motion to strike the defendant's plea of an agreement in accord and satisfaction in bar of the plaintiff's suit was overruled, but the plaintiff did not except. The issue made by the

defendant's plea was tried before the trial judge without a jury. On the trial of this issue it was agreed that Campbell Coal Company, through its agent, the vice-president and treasurer of the company, did, on January 20, 1937 (which was after the date of the occurrence complained of in the plaintiff's petition), execute the settlement set out as an exhibit to the defendant's plea and answer; that on this date the instrument was forwarded to the local office and place of business of Liberty Mutual Insurance Company in Atlanta, Georgia; that within a day or two thereafter Campbell Coal Company received a draft signed by Liberty Mutual Insurance Company payable to the order of Campbell Coal Company for $134.53. The following testimony was adduced on the trial: Mr. Luther Tatum testified: "I handled for the Campbell Coal Company the accident of December. 8th, involving the truck of the Foremost Dairies; I investigated the accident in the initial state; then I took the matter up with Mr. Dickson; I first called up Mr. Marshall at the Foremost Dairies and he referred me to the Liberty. As to asking Mr. Marshall what the company intended to do about this accident—I don't remember the exact wording, but the conversation was intended to bring out that very point. He simply said he was covered with insurance and referred me to Mr. Dickson of the Liberty Mutual; I took it up with Mr. Dickson of the Liberty Mutual; it resulted in payment of the claim by the Liberty Mutual." Mr. Harry Marshall testified: "I am vice-president and treasurer of Foremost Dairies. The minute our route man reported the accident to me, I called the Campbell Coal Company; I don't recall whether I talked to Mr. Tatum or this gentleman; and the conversation with Mr. Tatum was exactly what transpired; I told him I knew nothing about the accident; the only thing was that my boy claimed he was not wrong, but that was not for me to decide and I would report it to both carriers and that is about where the matter lay. I had nothing to do with the claim nor did I authorize any one connected with the insurance carrier to make any settlement; the only conversation with the Liberty Mutual man, he come in to ask about the accident, and I brought the route man in and told him to get all details from the route man, that I knew nothing about it. I was not requested to approve or agree to any settlement; that is the reason we carry insurance, the carriers are supposed to handle that, we don't advise

them what to do. I did not know until some time afterwards about the settlement or that the parties had agreed on a settlement; I did not instruct the insurance carriers in any manner, except to check the accident; in other words, immediately upon an accident, I report that and have them investigate it. I believe it was Mr. Tatum of the Campbell Coal Company that I talked with immediately after the accident; and I referred Mr. Tatum to the Liberty Mutual for further handling; I believe I specified their claim agent; I usually do that in all accidents. I know Mr. Dickson's name but have never met him. I knew from what Mr. Tatum told me that Campbell Coal Company was claiming it was entitled to be paid as a result of the accident. I told Mr. Tatum to handle the matter further with the claim agent of the Liberty Mutual. I don't believe I ever did anything with reference to the matter after that. I did not know until some time later that the Liberty Mutual had paid Campbell Coal Company." Mr. H. K. Dickson testified: "I am resident claims manager for the Liberty Mutual Insurance Company; and was during January, 1937. As such manager I was called upon to consider an accident involving a truck of the Foremost Dairies and Campbell Coal Company; that happened about December the 8th, 1936. That was referred to me by Mr. Marshall of the Foremost Dairies; I was given no directions by the person at the Foremost Dairies; we do not figure that the assured has any right to tell us what to do about it; we carry their insurance and it is up to us to handle it as we see fit. I investigated the facts of the accident with particular respect to where negligence lay. I dealt with Mr. Tatum of the Campbell Coal Company; I reached a conclusion with respect to that. After I made an investigation, I mailed Mr. Tatum releases from the property damage to the Campbell Coal Company's truck and requested him to sign them and return them to us. Campbell Coal Company claimed the damage to their truck was $134.53, and that is what I paid them; the releases which I sent to Mr. Tatum of the Campbell Coal Company were signed and returned to me and then I issued a check." The trial judge, after hearing evidence, found in favor of the defendant under its plea setting up the alleged agreement in accord and satisfaction of the plaintiff's claim. The plaintiff moved for a new trial on the general grounds only. The motion was overruled and the plaintiff excepted.

The written release which was executed by Campbell Coal Company, in consideration of $134.53 paid to it, released Foremost Dairies Incorporated from all claims and demands, actions, and causes of actions, damages, etc., on account of or in any way growing out of personal injuries and property damage sustained by the Campbell Coal Company resulting from the accident referred to by which the Campbell Coal Company's truck was in collision with a truck owned by Foremost Dairies. It was expressly stated in the agreement of release that any liability to Campbell Coal Company was denied. In this agreement nowhere was Campbell Coal Company expressly released from any obligation to Foremost Dairies Incorporated, and nowhere in the agreement did Foremost Dairies Incorporated surrender or give up any claim, demand, or right of action against Campbell Coal Company growing out of the accident by which the trucks of Foremost Dairies and Campbell Coal Company collided.

It is contended by counsel for the defendant that the judgment of the court overruling the plaintiff's motion to strike the defendant's plea, which judgment is unexcepted to, amounts to an adjudication that the plea sets up an agreement in satisfaction of the plaintiff's claims and demands against the defendant, and therefore constitutes a valid plea in bar as a defense. If the ruling on demurrer adjudicates anything it is only that the contract which was executed by Liberty Mutual Insurance Company with Campbell Coal Company constitutes a satisfaction of all claims which Campbell Coal Company may have against Foremost Dairies Incorporated growing out of the accident, provided the contract was executed for and in behalf of Foremost Dairies Incorporated by and through Liberty Mutual Insurance Company as its agent to make the contract of settlement.

The only question presented for the court's consideration arises under the general grounds of the plaintiff's motion for new trial, and it is whether or not the evidence is sufficient to authorize a finding by the court that Liberty Mutual Insurance Company, when making the settlement with the defendant Campbell Coal Company, was acting as an agent for the plaintiff Foremost Dairies Incorporated, with authority to bind the plaintiff Foremost Dairies Incorporated, by the agreement. It appears from the undisputed and uncontradicted evidence as contained in the testimony of Mr.

Dickson, the representative of Liberty Mutual Insurance Company, and Mr. Marshall, the representative of the plaintiff, Foremost Dairies Incorporated, that Liberty Mutual Insurance Company "carried insurance" on Foremost Dairies Incorporated, and it appears from the uncontradicted testimony of Mr. Tatum, representing Campbell Coal Company, that he, and therefore Campbell Coal Company, knew this before Campbell Coal Company negotiated the settlement with Liberty Mutual Insurance Company. Mr. Tatum testified that Mr. Marshall of Foremost Dairies stated to him that Foremost Dairies "was covered with insurance" and referred Mr. Tatum to "Mr. Dickson of the Liberty Mutual." This information, according to Mr. Tatum, was given to him by Mr. Marshall when Mr. Tatum asked Mr. Marshall what Foremost Dairies intended to do about the accident, necessarily meaning what was Foremost Dairies going to do about compensating Campbell Coal Company for damage to Campbell Coal Company's truck as a result of the collision between it and the truck of Foremost Dairies Incorporated. The only inference that can be drawn from this testimony (and the testimony demands such an inference), is that Liberty Mutual Insurance Company was an insurer of Foremost Dairies Incorporated against liability for damages resulting from any negligent operation of the truck of Foremost Dairies Incorporated, and that Mr. Tatum necessarily acquired this information from the conversation between him and Mr. Marshall about which he testified. It appears undisputed and uncontradicted from the testimony of Mr. Tatum of Campbell Coal Company, and of Mr. Marshall of Foremost Dairies Incorporated, that Liberty Mutual Insurance Company had the right to make a settlement of the claim of Campbell Coal Company against Foremost Dairies Incorporated without any specific authority to do so from Foremost Dairies Incorporated, and without any instructions or directions from Foremost Dairies Incorporated. As testified by Mr. Dickson of Liberty Mutual Insurance Company, in reference to the accident involving a truck of the Foremost Dairies, the matter "was referred to me by Mr. Marshall of the Foremost Dairies; I was given no directions by the person at the Foremost Dairies; we do not figure that the assured has any right to tell us what to do about it; we carry their insurance and it is up to us to handle it as we see fit." As testified by Mr. Marshall of Foremost Dairies

in reference to the same matter, "I had nothing to do with the claim, nor did I authorize any one connected with the insurance carrier to make any settlement. . . I was not requested to approve or agree to any settlement; that is the reason we carry insurance, the carriers are supposed to handle that; we don't advise them what to do; I did not know until some time afterwards about the settlement or that the parties had agreed on a settlement; I did not instruct the insurance carrier in any manner, except to check the accident." The testimony of these two witnesses is the only evidence as to the authority of Liberty Mutual Insurance Company to settle claims for the assured, Foremost Dairies Incorporated. The contents of the insurance policy do not appear in evidence. It nowhere appears that Liberty Mutual Insurance Company, in settling with Campbell Coal Company, had any knowledge that Foremost Dairies Incorporated had referred Campbell Coal Company to Liberty Mutual Insurance Company.

It therefore appears from the uncontradicted and undisputed testimony conclusively, as a matter of law, that Liberty Mutual Insurance Company, in making the settlement with Campbell Coal Company, did so on its own account and without any direction from Foremost Dairies. It is well settled that where, under an insurance policy which insures the insured against loss arising from claims for damages growing out of an accident covered by the policy, the company, when settling such claim, although the contract of settlement releases the insured from all liability, does not act as the agent of the insured. In Burnham v. Williams, 198 Mo. App. 18 (194 S. W. 751), which was a case similar to the case at bar, where the plaintiff sued and recovered a judgment against the defendant for damage to the plaintiff's automobile in which the plaintiff was riding, as a result of the alleged negligence of the defendant in the operation of the defendant's automobile, and the plaintiff's insurance company which had insured the plaintiff against liability arising out of such an accident effected a settlement with the driver of the defendant's automobile, who was injured in the accident, whereby the person settled with released and discharged the plaintiff from all liability to him growing out of the accident, and this settlement was as in the case at bar pleaded by the defendant in bar of the plaintiff's right to recover against the defendant for the damage caused to the plaintiff's automobile,

it was held that the insurance company in making such settlement was not acting as agent for the insured. The policy not only provided for indemnity of the insured against liability for damages growing out of an accident covered by the policy, but also provided that the insurer would investigate all accidents covered by the policy, negotiate for the settlement of claims made on account thereof, and defend suits against the insured brought on account of any such accident unless the insurer elected to settle therefor; that the insured should not voluntarily assume any liability or interfere with any negotiations for settlement, nor in any legal proceedings, but should, when requested, aid in securing information and evidence. The court stated: "As we understand such a contract, it is one where, being properly notified of an accident or damage covered by the policy, the insurance company agrees to step into the assured's shoes so far as handling the claim or effecting settlement or defending suits is concerned, and that attitude that it requires an assured to take when a claim is made against him is rather one of an agent to the company than a principal for whom the company is acting." In Attleboro Mfg. Co. v. Frankfort Marine &c. Ins. Co., 240 Fed. 573 (153 C. C. A. 337), decided by the United States Circuit Court of Appeals of the first circuit, the court, in passing on the question of the agency of the insurance company under a similar policy when settling a liability claim against the insured, held that the insurance company was not the agent of the insured. The court stated: "By entering into the agreements contained in the policy, the defendant [the insurance company] did not become the plaintiff's [the insured's] agent in respect to the defense or settlement of the suit. It stood rather in the position of an independent contractor for it was given the control of the defense and settlement of the suit, and was in nowise subject to the plaintiff's direction." See also Wisconsin Zinc Co. v. Fidelity & Deposit Co., 162 Wis. 39 (155 N. W. 1081); Jetton v. Polk, 17 Tenn. App. 395 (68 S. W. (2d) 127); Long v. Union Indemnity Co., 277 Mass. 428 (178 N. E. 737).

It therefore appears conclusively and without contradiction from the evidence that Liberty Mutual Insurance Company, in making this settlement, did not act as the agent of Foremost Dairies Incorporated, unless what Mr. Marshall of Foremost Dairies stated

to Mr. Tatum of Campbell Coal Company was sufficient to authorize the inference, and to authorize a jury to find, that Liberty Mutual Insurance Company was, in making the settlement with Campbell Coal Company, acting as agent for Foremost Dairies Incorporated. As stated by Mr. Tatum in his testimony that when he called up Mr. Marshall of Foremost Dairies in reference to the matter of the Foremost Dairies truck colliding with the Campbell Coal Company's truck Mr. Marshall referred him to Liberty Mutual Insurance Company, and that Mr. Marshall stated that Foremost Dairies "was covered with insurance" and referred Mr. Tatum to Mr. Dickson of the Liberty Mutual. As has been stated, the only inference that can be drawn from the testimony of Mr. Tatum is that when Mr. Marshall referred him to Liberty Mutual Insurance Company, and stated that Foremost Dairies was covered with insurance, Mr. Tatum and Campbell Coal Company through him, were informed of the fact that Liberty Mutual Insurance Company was an insurance company, and that the coverage with insurance of Foremost Dairies Incorporated by Liberty Mutual Insurance Company was necessarily insurance against liability by Foremost Dairies Incorporated for damages to Campbell Coal Company's truck as the result of a collision between it and Foremost Dairies' truck which was the subject-matter of the conversation. Mr. Tatum and Campbell Coal Company through him, were thus informed that Liberty Mutual Insurance Company, to whom Foremost Dairies referred him for an adjustment of the damages to Campbell Coal Company's truck, was an insurance company which, by virtue of its coverage of Foremost Dairies Incorporated with liability insurance, had an interest to effect a settlement with Campbell Coal Company, and had an interest to effect a settlement in its own right. Mr. Marshall's statement to Mr. Tatum can not be regarded as constituting Liberty Mutual Insurance Company the agent of Foremost Dairies Incorporated to effect a settlement with Campbell Coal Company. Nor is the inference authorized that Mr. Marshall, in making such statement to Mr. Tatum, caused Mr. Tatum to believe that Liberty Mutual Insurance Company was such an agent, or that Foremost Dairies Incorporated was holding out or representing Liberty Mutual Insurance Company as such an agent for Foremost Dairies Incorporated. It therefore appears conclusively and without dispute from the evidence that Liberty

Mutual Insurance Company was not the agent of Foremost Dairies Incorporated to effect the settlement with Campbell Coal Company.

Since Liberty Mutual Insurance Company in negotiating a settlement with Campbell Coal Company had no knowledge, so far as it appears, that Campbell Coal Company had been referred to Liberty Mutual Insurance Company by Foremost Dairies Incorporated, whether or not the act of Foremost Dairies Incorporated in referring Campbell Coal Company to Liberty Mutual Insurance Company could be construed as authorizing Campbell Coal Company to deal with Liberty Mutual Insurance Company as agent for Foremost Dairies Incorporated, Liberty Mutual Insurance Company when dealing with Campbell Coal Company did not purport to act as agent for Foremost Dairies Incorporated. Since Liberty Mutual Insurance Company had no authority as agent of Foremost Dairies Incorporated to deal with Campbell Coal Company and effect a settlement of Campbell Coal Company's claim against Foremost Dairies Incorporated, and since the contract was not made with Campbell Coal Company by Liberty Mutual Insurance Company acting as agent for Foremost Dairies Incorporated, the contract is not binding on Foremost Dairies Incorporated as one executed by Liberty Mutual Insurance Company as its agent.

If Liberty Mutual Insurance Company purported to act as agent for Foremost Dairies Incorporated in negotiating the settlement which it made in behalf of Foremost Dairies Incorporated with Campbell Coal Company, Liberty Mutual Insurance Company's act in so doing was never ratified by Foremost Dairies Incorporated. It appears conclusively and without dispute from the testimony of Mr. Marshall of Foremost Dairies Incorporated, that he did not know about the settlement until some time after it was made. It does not appear that after he found out about the settlement Foremost Dairies Incorporated did anything in connection therewith. It therefore appears from the uncontradicted and undisputed testimony that Liberty Mutual Insurance Company in effecting a settlement with Campbell Coal Company was not in so doing acting as agent for Foremost Dairies Incorporated, but was acting for itself and Foremost Dairies Incorporated is not bound by the settlement. The verdict for the defendant sustaining its plea of settlement in bar of the plaintiff's action was unauthorized.

The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. Luther Tatum of the Campbell Coal Company testified that he investigated the accident in which a truck of the Foremost Dairies Inc. collided with a truck of the Campbell Coal Company, and took the matter up with Harry Marshall of Foremost Dairies Inc., and that Marshall referred him to the Liberty Mutual Insurance Company for the handling of the claim. H. K. Dickson, claim agent of the Liberty Mutual Insurance Company testified that, at the instance of Harry Marshall of the Foremost Dairies Inc., he investigated the accident in question. Harry Marshall, vice-president and treasurer of Foremost Dairies Inc., testified that he talked with Luther Tatum of the Campbell Coal Company about the accident in which the Campbell Coal Company truck was damaged, and that he referred the Campbell Coal Company to the Liberty Mutual Insurance Company for the handling of the claim for damages to said truck.

Soon after the accident in question occurred, when the Campbell Coal Company approached Foremost Dairies Inc. for an adjustment or settlement of this claim for damages to the truck, Marshall, vice-president and treasurer of Foremost Dairies Inc., referred Campbell Coal Company to Liberty Mutual Insurance Company for the handling of this claim. By doing so Foremost Dairies Inc., in effect, said: "Liberty Mutual Insurance Company is my insurance carrier, and I refer you to it, without reservation and with full authority to investigate and adjust or settle your claim." Foremost Dairies Inc. was not then making any claim for damages against Campbell Coal Company on account of the accident in question, and made no objections to a settlement by its insurance carrier of the claim of Campbell Coal Company. Foremost Dairies Inc. held the insurance company out as its agent to Campbell Coal Company, apparently with full authority, to settle with the latter for its claim for damages occasioned by the collision of the trucks of the two companies. "'A principal is bound by the acts of his agent, within the authority he has actually given him, which includes not only the precise act expressly authorized to be done, but also whatever usually belongs to the doing of it, or is necessary to its performance. Beyond that

he is liable for the acts of the agent, within the appearance of the authority he knowingly permits the agent to assume, or holds the agent out to the public as having." *Filzgerald Cotton-Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 212, 215 (59 S. E. 713). "When an alleged principal, by acts or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency, to the injury of third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation." *Davis* v. *Citizens-Floyd Bank &c. Co.*, 37 *Ga. App.* 275 (139 S. E. 826).

Under the facts of this case, I think the trial court was authorized to find that the insurance company acted for and as the agent of Foremost Dairies Inc. in settling with Campbell Coal Company, and that Foremost Dairies Inc. is now estopped from denying that relationship; and, consequently, would be precluded from recovering against the defendant in this suit. The case at bar is distinguishable on its facts from the cases cited in the majority opinion of this court.