38172.   JOHNSON *et al. v.* ST. PAUL FIRE & MARINE INSURANCE COMPANY *et al.*

DECIDED MAY 10, 1960—REHEARING DENIED JUNE 1, 1960.

*Wilkinson & Walker, A. Mims Wilkinson, Jr., F. W. Scroggins,* for plaintiffs in error.

*Moise, Post & Gardner, R. Emerson Gardner, J. William Gibson, Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

736

BELL, Judge. The question for determination in this case is whether a plaintiff in a damage suit for personal injuries can be shanghaied into a declaratory judgment action because of a justiciable dispute with respect to an insurance policy between a defendant in the damage suit and the defendant's insurance carrier.

The issue presented is of extreme importance because if such declaratory relief be granted, it will be an extension of the sphere of operation of the declaratory judgment law. Such an extension may permit concomitant evils that may open the function of declaratory judgments to abuse and so authorize its use on occasions to perpetrate travesties on true justice. For the purposes of this case, it is taken as settled that there is a controversy between Solomon, the insured, and his insurance company as to whether or not Solomon's insurance policy was still effective after he had delayed so long in giving his insurer proper notice of the claim against him. The insurance company's petition shows that Solomon had been sued on January 24, 1958, and on January 28, 1958, by Johnson and Gilbert, respectively, on causes allegedly originating in an accident which occurred on September 6, 1957; that to these suits Solomon filed answers and demurrers; that several hearings on demurrers were had; that a pre-trial order was passed in each case on March 4, 1959; that Solomon's deposition was taken on March 8, 1959; that no summons or process in either suit was forwarded to the insurance company by Solomon nor was any notice of any hearings or of the taking of Solomon's deposition given the insurer; that Solomon employed his own counsel without the knowledge and consent of the insurer; that no notice of the accident was given insurer until about May 7, 1958; and the defense of the cases was not tendered to the insurer until about July 28, 1958. From the facts alleged it is quite possible that the insurance company was relieved of its responsibility under the policy because of the indicated delays and the actions taken by Solomon. However, that issue is not raised here. The only issue which this court may consider now is whether or not Johnson and Gilbert, those injured as the result of the alleged negligence of the insured, can be properly forced into this dispute and made proper parties against their will in the declaratory judgment action. For

any party to be made a defendant in a proceeding asking for declaratory relief under the Declaratory Judgment Act, it is essential that the basis for the declaratory relief sought against each party be distinctly alleged and shown. The Declaratory Judgment Act of Georgia (Ga. L. 1945, p. 137) as amended (see Code, Ann., § 110-1101 et seq.) sets out the grounds for declaratory relief. The law provides that there must be an actual controversy in order for the courts to declare rights, and further that other legal relations of any interested party may be declared in cases where it appears to the court that the ends of justice require that such a declaration should be made. This petition does not show any controversy, and there is utterly no foundation alleged upon which an actual dispute can be based between the insurance company and the parties injured by the asserted negligence of the insured. Although it is clear that there is no actual controversy between the defendants Johnson and Gilbert and the insurance company (the parties involved in this appeal), we must further consider whether the ends of justice require that a declaration of rights and legal relations of the insurance company and the injured Johnson and Gilbert be proclaimed. For this to be necessary, not only must a justiciable dispute be found, but it must also be found to exist between the insurance company requesting the declaratory relief and the injured parties whom it attempts to hold as defendants in this declaratory proceeding.

Johnson and Gilbert as the injured parties are alleged by the insurance company to have brought an action against its insured for injuries sustained because of an accident. The injured parties in no way are alleged to be in contention with the insurance company. There is no allegation that the insurance company has had any misunderstanding or controversy with the injured parties, or that the issue between the insurer and its assured will in any degree affect them. The only allegations of the insurance company against these parties seeking relief for their injury from an alleged tortfeasor; is that they have started an action against a tortfeasor who is insured by the insurance company. This clearly does not assert a justiciable situation between these parties, nor does it demonstrate that the ends of justice require

that a declaration of legal rights between them should be made.

It is difficult to see any basis for holding a recalcitrant party in an action for declaratory relief when there is no justiciable controversy between him and the party who in seeking declaratory relief seeks it primarily with respect to a dispute with a third person. In this case there is only an argument, contention, or controversy between an insurance company and its insured. The contention stems around the question as to whether the insurance company is relieved of liability in its relationship to the insured. Such contentions between insurance companies and their insured founded on contractual rights with each other may be voluminous and important, but there is no justification for requiring other innocent parties to submit to the delays, to absorb the damages which may be occasioned by the delays, and to suffer the necessity of being involved directly in these contentions and legal processes. In this case the injured parties, Gilbert and Johnson, are asking only to be allowed to continue a lawsuit against their tortfeasor. It is inconceivable that contractual rights in dispute between the tortfeasor and another should be a lawful basis for prohibiting the injured parties from proceeding in the normal legal process for realization upon their claims for damages. To permit this, to restrain an injured party from proceeding with a rightful cause of action under these circumstances, would be to subject him to a myriad of possible delays from all conceivable contentions between the tortfeasor and third parties in their disputes over their own contractual relationships.

Let us examine closely the chronology of the pertinent events here. They are: the accident in which Johnson and Gilbert alleged they were injured occurred on September 6, 1957; Johnson and Gilbert filed their suits seeking damages from Solomon and The Hertz Corporation on January 24 and January 28, 1958, respectively; pre-trial orders were entered in these suits on March 4, 1959; the insurance company filed its petition for declaratory judgment on April 16, 1959, and on this same date the court entered an order restraining the plaintiffs Johnson and Gilbert and the defendants Solomon and The Hertz Corporation from proceeding with their suits until further order of the

court; the demurrers of Johnson and Gilbert to the insurance company's petition were overruled on November 25, 1959. It is to be noted then that the insurance company did not file its action for a declaratory judgment until some 14½ months after the two injured parties filed their suits for redress and not until more than 17 months after the accident occasioning these suits occurred. At the time of this consideration these plaintiffs in these suits seeking damages for personal injuries have now been delayed in the final trials of their cases for more than two years after the filing of their suits, and certainly, considering the normal processing of matters before present-day courts, it is to be anticipated that much time will yet elapse before jury verdicts are rendered in them. This presents squarely the query as to whether the declaratory judgment act may be used properly as a vehicle for delay in cases such as this, for this action does in fact occasion delay whether or not it is used or intended for that purpose. The answer demanded is that it may not be so used.

To burden further one seeking judicial relief to the delays and litigation resulting from a misunderstanding or an inadvertence, such as presented here, between the tortfeasor and another party in a contractual relationship, would not only compound the delays incidental to the present-day normal judicial process, but would further extend the scope of declaratory relief to hazy areas where the declaratory judgment process could be used to stall, negative, and defeat the clear judicial rights being claimed.

The Declaratory Judgment Act (Ga. L. 1945, p. 137, as amended; Code, Ann., § 110-1102, et seq.) provides that further relief, legal or equitable including injunction, may be granted in a petition seeking declaratory relief if entitlement to such relief is found by the court. This provision supplements the court in its declaratory power and is a desirable provision. However, it seems that no one can seriously contend that injunctive relief can be given against a party who is not a necessary party to the declaratory proceeding. The whole issue, then, is whether the injured parties, Johnson and Gilbert, are parties to this declaratory proceeding and may be required to remain so

over their objection. The answer, of course, is whether there is a controversy, a justiciable dispute or legal justification under the Georgia statute, see Code (Ann.) § 110-1101, which provides the basis for declaratory relief.

The case of Mensinger v. Standard Acc. Ins. Co., 202 Ga. 258 (42 S. E. 2d 628), although when carelessly read may seem to drift toward the wide open policy of holding a personal injury claimant as a party bound in a declaratory relief controversy between an insurance company and its insured, if carefully analyzed, clearly shows that there the injured parties themselves contended with the insurance company over whether the policy was in full force and effect and asserted that the insurance company would be obligated to pay any judgments that might be rendered on their behalf in the suits filed by them against the insured. In the Mensinger case, then, it is seen that there was a clear controversy between the insurance company and the injured tort claimants, and that case cannot be construed as authority for justifying the assertion that the mere fact that an injured party has started an action against an insured tortfeasor, makes him a captive party to a declaratory action between the insurance company and the insured. The case of Georgia Cas. &c. Co. v. Turner, 86 Ga. App. 418 (71 S. E. 2d 773) by casual glance may seem also to have given the impression that the tort claimant can be shanghaied into declaratory judgment controversies between the insured and the insurance company. However, that case cites as authority the Mensinger case, and further it will be noted in this case also that an actual controversy is present between the injured parties and the insurance company, since it is shown that the insured was insolvent and that the injured parties had threatened to bring suits against the plaintiff insurance company if they should prevail in the pending actions.

These cases, then, make clear that in them there were allegations of facts upon which a controversy could be found between the injured parties and the insurance company. However, such is not the situation in this case, as there is no allegation or showing of any controversy, misunderstanding or even intention to ever attempt to hold the insurance company liable if the

injured parties' actions are successful against the insured. The tortfeasors may have a financial status which would negative any interest of the injured in the tortfeasor's insurance situation. Without commenting further upon the propriety of extending the scope of the injunctive process as collateral to declaratory judgment relief, it is clearly seen from the circumstances in this case that if declaratory relief and its injunctive process should be made available against an unwilling participant in the declaratory action merely because the party has a negligent injury claim against a tortfeasor who may or may not have insurance, it would have the effect of opening the floodgate to possible future disastrous results.

Therefore, the order of the superior court overruling the demurrers of Johnson and Gilbert which object on the grounds that the petition sets forth no cause of action against these defendants, and that the petition shows on its face that the defendants are not proper parties to the action, and that there are misjoinders of parties, should have been sustained, and the orders of the trial court overruling these demurrers are reversed.

The decision on these demurrers makes it unnecessary to consider the other demurrers interposed.

This judgment necessarily must be construed so as to permit the plaintiffs, Johnson and Gilbert, to proceed with the adjudication of their cases, respectively, in accordance with the normal judicial processes of the Fulton Superior Court.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for the reason that no justiciable controversy is alleged as to the plaintiffs in error.