### 38437. COCHRAN v. BELL.

TOWNSEND, Judge. 1. There can be but one satisfaction of the same damage or injury. *Griffin Hosiery Mills v. United Hosiery Mills*, 31 Ga. App. 450 (120 S. E. 789). Where, in an automobile collision between a plaintiff and a defendant both are injured, and the plaintiff upon payment of a monetary consideration secures a release from the defendant, the release constitutes a settlement of the plaintiff's claim against the defendant as well as of the defendant's claim against the plaintiff. *Giles v. Smith*, 80 Ga. App. 540 (56 S. E. 2d 860).

2. " 'The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf'. *Code* § 4-101. 'The mere act of setting up by plea a stranger's act as a satisfaction is of itself a ratification.' " *Jordan v. Belvin*, 57 Ga. App. 719, 722 (196 S. E. 132).

3. "Where an insurance company, which has insured a person against liability for damages to person or property caused by

the insured's negligence, has the right to effect a settlement of a claim for damages against the insured without any authority or direction from the insured, the insurance company is not an agent of the insured to effect such settlement, but has the right to effect such settlement as an independent contractor." *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500 (1) (196 S. E. 279).

4. It follows from the foregoing statements of law that where following an automobile collision in which both the plaintiff and the defendant suffer damage, the insurance company carrying the plaintiff's liability insurance pays the defendant some amount in satisfaction of his claim against the plaintiff and receives a release of all claims in return therefor, this constitutes a settlement of the entire injury and damage which, while not binding upon the plaintiff in the first instance because not authorized by him, places the plaintiff in a position of being able to elect whether to ratify or repudiate the settlement. When, in response to the plaintiff's action for damages against the defendant, the defendant by cross-action sought damages from the plaintiff growing out of the same transaction, and the plaintiff thereafter, upon proof of the existence of the release, successfully relied upon the same as the basis of its motion to dismiss the defendant's cross-action, the plaintiff could not thereafter adopt the inconsistent position of herself disavowing the release after procuring a judgment in her favor based thereon. Such action constituted a ratification by her of the settlement of all claims arising out of that transaction. Nothing in Kennedy v. Creswell, 101 U. S. 641 (25 L. Ed. 1075), Scott v. Meek, 228 S. C. 29 (88 S. E. 2d 768) or Etiwan Fertilizer Co. v. Johns, 102 S. C. 29 (24 S. E. 2d 74), leads to a contrary conclusion. Pleadings proved by undisputed facts to be false, and denominated in those cases sham pleadings, may be stricken on motion, in the jurisdictions concerned, which is only another way of saying that pleadings at variance with undisputed facts have no legal efficacy. Assuming, as does the plaintiff, that the defendant in this action knew at the time the cross-action was filed that it was not sustainable by him in view of his previously executed release, yet the defendant had no way of knowing whether or not the plaintiff would elect to rely on that release in such manner as to defeat the cross-action. The plaintiff might have chosen

not to rely upon the validity of the release and not to procure this legal advantage to herself on the strength of it; she might even have been able in the course of the trial to show, in mitigation of the defendant's damages, that he had already received certain sums of money as compensation, but when her counsel elicited from the defendant on cross-examination the fact that all claims against him had been settled and that he had signed a release of all claims against the plaintiff and made these facts the basis of her motion to dismiss the cross-action, she was relying upon the release to obtain a legal advantage for herself. This constitutes ratification as effectively as though the release had been pleaded in the plaintiff's petition, because it was necessarily relied upon in the motion to dismiss. The plaintiff's motion to dismiss the cross-action on the ground that there had been a full settlement of the defendant's claim having been sustained, it was not error thereafter to sustain the motion of the defendant to dismiss the plaintiff's petition on the ground that the plaintiff's actions constituted a ratification of the settlement. This being true, neither party had a valid claim against the other.

*Judgment affirmed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 30, 1960—REHEARING DENIED
OCTOBER 20, 1960.

*Ward, Brooks & Williams, Osgood O. Williams, Langford & Stolz, G. W. Langford,* for plaintiff in error.
*Lokey & Bowden, Hamilton Lokey, Glenn Frick,* contra.
*Frank M. Gleason,* amicus curiae.