39268. AETNA CASUALTY & SURETY COMPANY
v. BROOKS et al.

Decided July 3, 1962—Rehearing denied July 27, 1962.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*Clinton J. Morgan, William H. Whaley, Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

BELL, Judge. We are confronted in this case with these hitherto undecided unique issues:

(a) Which is paramount when they clash—the clear and unambiguous written provision of a contract of insurance or the right of an insured to pursue a private claim not arising under the insurance policy against third party wrongdoers? and,

(b) What are the rights of an insurer who, acting as an independent contractor and without the knowledge or consent of its insured, secures a release absolving its insured from all liability with respect to an automobile collision, where the insured later repudiates the release?

■ Aetna Casualty & Surety Company, following an automobile collision in which its insured, Erma Jean Brooks, was involved, paid to Samuel I. Spector and Garden Lakes $964.27 as a consideration for a release of Brooks from all consequences of the collision. This settlement was made without the knowledge or consent of the insured. Aetna was authorized to make settlement by the terms of the policy. Later, Brooks, the insured, filed a suit against Spector and Garden Lakes for personal injuries sustained in the collision. Responding to the action, Garden Lakes, in addition to its answer, asserted a cross-action for damages to its vehicle.

At this stage of the case the insured notified Aetna of the cross-action and that she expected it to pay any judgment which might be rendered thereon, but refused to allow the insurance company on her behalf to plead the release which the insurer had previously received from Spector and Garden Lakes. The insured took this action in order to preserve her suit for personal injuries against Garden Lakes and Spector as the defense of the release may not be asserted by Aetna in her case without a fatal effect upon her action. See *Cochran v. Bell*, 102 Ga. App. 617 (117 SE2d 645). In making the settlement the insurance company was not acting as the agent of the insured but as an independent contractor. *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500 (196 SE 279).

Faced with the dilemma of having secured a release for which it paid a cash consideration and being prevented by its insured from asserting the release as a defense to the cross-action which

it might be bound to pay for the second time, Aetna brought an action seeking a declaration of rights as between it and its insured and it and the defendants who had jointly executed the release.

Although the defendants Spector and Garden Lakes and the plaintiff as the insured insist there is no substantial controversy between Aetna and themselves sufficient to justify a declaration of Aetna's rights, we think there is.

Clearly a release has been given by the defendants to Aetna releasing its insured for claims arising out of the collision between the insured and the defendants. Equally clear from the record is the fact that the defendants filed a cross-action against the insured for damages arising out of the claim which had been released.

Our Supreme Court has said that: "Basically the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *St. Paul Fire &c. Ins. Co. v. Johnson*, 216 Ga. 437, 438 (117 SE2d 459) ; s.c., *Johnson v. St. Paul Fire &c. Ins. Co.*, 101 Ga. App. 734 (115 SE2d 221).

As between Aetna and its insured the controversy is apparent, as the policy clearly authorizes Aetna to settle claims against its insured as it may deem expedient, and further grants the privilege and the duty to Aetna to defend all claims brought against the insured for liability covered by the policy. Yet, notwithstanding these policy provisions, Aetna is not permitted by the insured to plead the release nor has the insured ratified the release, for these things the insured, under *Cochran*, supra, cannot do without destroying her purely personal right to sue for her physical injuries and damages allegedly sustained in the automobile collision.

It is thus quite apparent that, as between Aetna and the defendants, Spector and Garden Lakes, and between it and its insured, there exist substantial controversies between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. This is a

proper case for a declaration of rights under the Declaratory Judgments Act, *Code Ann.* § 110-1101 et seq.

■ We turn now to the question as to whether the contractual right and duty of Aetna to defend its insured against the cross-action where damages based on liability covered by the insurance policy are asserted—and in defending to cite the release which could be a defense—is paramount to the right of the insured to maintain her private suit for personal injuries. If Aetna were allowed to defend by pleading the release in its insured's name in her action, then the insured would be barred from maintaining the action for her personal injuries. *Cochran*, supra.

In *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500 (1), supra, this court held that the liability insurer, while having the right to effect the settlement of a claim for damages against the insured without any authority or direction from the insured, in so doing, acts not as an agent of the insured, but as an independent contractor. Thus, the insurer here, acting as an independent contractor in settling the claim of Garden Lakes against the insured, did not by such act alone bar the insured's right of action against Garden Lakes and its agent.

As held in *Cochran* (4), "where, following an automobile collision in which both the plaintiff and the defendant suffer damage, the insurance company carrying the plaintiff's liability insurance pays the defendant some amount in satisfaction of his claim against the plaintiff and receives a release of all claims in return therefor, this constitutes a settlement of the entire injury and damage which, *while not binding upon the plaintiff in the first instance because not authorized by him, places the plaintiff in a position of being able to elect whether to ratify or repudiate the settlement.*" (Emphasis added.)

The insured in her brief asserts that Spector and Garden Lakes filed separate pleas of accord and satisfaction based on the release and that she presented evidence at the hearing on the pleas and stated that "she did not ratify the release."

In its petition seeking a declaration of rights, Aetna affirmatively alleged that its insured repeatedly asserted that she expected Aetna to pay any judgment rendered on the cross-action

and *specifically refused to permit Aetna to plead the release in bar to the cross-action.*

Aetna also alleged that the defendants Spector and Garden Lakes filed pleas of accord and satisfaction in which they asserted the release, but that the pleas were denied by the trial court on the basis that *the insured had neither acquiesced in nor ratified the settlement.*

From the allegations of Aetna's petition and the admission of the insured made at the hearing on the pleas that "she did not ratify the release," or any one of these things standing alone, it is clearly apparent that the insured has made the election which the law accords to her. She not only failed to ratify the release, but she did much more. She effectively repudiated it. By this election the release as to her is vitiated. It has no effect. It is as if it had never been obtained.

Obviously, in this situation the insured has the right to maintain her action and to prevent Aetna from pleading in her case the release which she repudiated. Were we to hold otherwise, it would be to sanction the feasibility that an insurer could, by settling the smallest claim of one in opposition to its insured, conclude and nullify the insured's cause for possible grave injury and damage arising from the negligence of the other. The privilege of unilateral settlement accorded by the language of the policy which the insurer chose should not be permitted to threaten such dire possibilities.

Having repudiated the settlement, the insured had the right, after giving notice of the cross-action, to refuse to permit Aetna to plead the release in her suit as a defense to the cross-action.

■ We now consider the rights as between Aetna and the defendants. What is the effect between these parties of the release of all claims against Aetna's insured secured by Aetna from the defendants for a consideration of $964.27?

The key to this dilemma, we think, may be found in applying to the factual situation before us the general presumption that all individuals are bound to know the law. This presumed knowledge extends equally to statutory enactments and to the holdings of judicial decisions. *Parham v. Robins,* 197 Ga. 386 (1), 391 (29 SE2d 608). Thus Aetna, as a party to the insur-

ance contract, is chargeable with the knowledge of the holding in *Foremost,* supra, which insofar as relative here is that an insurance company which settles a claim under the provisions of an insurance policy authorizing it to do so in effect without the knowledge or consent of its insured, does so as an independent contractor and not as agent for the insured. Aetna is also bound to have known that by the holding in *Cochran* its insured had the right to elect whether to ratify or repudiate the release obtained. But these defendants, not being parties to the contract through which the independent contractor relationship arose, are not bound to know that Aetna in securing the release acted merely in that capacity.

However, chargeable as they are with the knowledge of the holding in *Cochran* that there can be but one satisfaction of the same damage or injury and a release between the parties constitutes a settlement of the plaintiff's claim against the defendant and vice versa, the defendants had the right to assume that the release they executed in favor of this plaintiff likewise released this plaintiff's claim against them. As this natural legal effect did not occur because of the insured's repudiation of the release, the defendants did not receive that for which they had bargained and to which they were entitled. The release cannot, therefore, be binding upon them.

As neither the plaintiff nor the defendants are bound by the release, it necessarily follows that we must declare the so-called release secured by Aetna in this case to have been avoided by the repudiation and of no force or effect.

Accordingly, the judgment of the trial court is reversed, and the case is remanded to it with the direction that the court declare the rights of the parties to be as follows:

(1) That the alleged release was repudiated by the insured and is not binding on her;

(2) That the alleged release, having been repudiated by the insured, is thereby avoided as to all parties to this declaratory judgment action; and

(3) That the liability policy contract between Aetna and its insured remains unaffected by the avoided release.

These rulings coupled with the directions given the court will

control and answer the specific declarations requested by Aetna.

*Judgment reversed with directions. Hall, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. ■ I concur in the ruling that if the insured did not concur in or ratify the release she would have the right to sue for damages for her injuries.

■ If Spector and Garden Lakes had notice that they were dealing with the insurance company as an independent contractor in accepting consideration for the release and that the insured had not agreed to or acquiesced in the release they could not plead the release against the insured because the contract of release was not a contract with the insured. If they were ignorant of whether the insurance company was agent of the insured or an independent contractor and the insurance company only acted as an independent contractor and not as agent, they could repudiate the settlement by returning the consideration and maintain their cross-action insofar as the insured is concerned and insofar as the insured could object to the cross-action.

■ If Spector and Garden Lakes had notice that they were dealing with the insurance company in the matter of the release as an independent contractor and had notice that the insured had not agreed to or ratified the release, the insurance company had the right under the terms of the policy giving it the right to control the litigation to plead the release in the name of the insured against the cross-action by Garden Lakes without destroying the right of the insured to sue for damages for her injuries.

The court should have declared the rights of the parties in accordance with the above.