21808. AETNA CASUALTY & SURETY COMPANY
v. BROOKS et al.

ARGUED NOVEMBER 13, 1962—DECIDED FEBRUARY 7, 1963.

*Haas, Dunaway, Shelfer & Haas,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* for party at interest not party to record.

*Lewis, Lewis, Whaley & Cagle, Matthews, Maddox, Walton & Smith,* contra.

MOBLEY, Justice. 1. The ruling made in Division 3 of the opinion of the Court of Appeals to the effect that the release given by Spector and Garden Lakes releasing John C. Brooks, Jr., Erma Brooks, "and all other persons, firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damages to property, bodily injuries or death, resulting, or to result, from an accident to our property and the

person of S. I. Spector which occurred on or about the 1st day of June 1959," is avoided as to all parties to this declaratory judgment action, that neither the plaintiff nor the defendants are bound by it and it is of no force and effect, is erroneous because in direct conflict with the ruling of this court in *Allstate Ins. Co. v. Hill*, 218 Ga. 430 (128 SE2d 321), judgment in which was rendered after the Court of Appeals rendered its judgment in the present case. This court in *Allstate Ins. Co. v. Hill*, supra, a case on all fours with the case here, held that a release signed by Hill, who occupied the position held here by Spector and Garden Lakes, was a valid release of all claims for damages against Mrs. Ericson (Mrs. Brooks here) growing out of a collision of cars driven by them. In the *Allstate* case the further ruling was made that "Allstate [Aetna here] thus is in the position of holding a complete release for injuries for which Hill [Garden Lakes] seeks to recover a judgment against its insured under a policy wherein it is not only required to defend against Hill [Garden Lakes], but in the event of a judgment against its insured, it will be called upon to pay. In such a situation the release executed by Hill [Spector and Garden Lakes] would be a bar to Hill's [Garden Lakes'] effort to recover against Allstate [Aetna]."

The question of the liability of Aetna for damages to Spector and Garden Lakes was settled by the *Allstate* case. Mrs. Brooks holds a valid release from Spector and Garden Lakes of all liability arising out of the collision, which also releases Aetna of all liability for damages under its policy with Mrs. Brooks with relation to the collision. Aetna is released of the obligation to pay any judgment that Spector or Garden Lakes might procure against Mrs. Brooks growing out of the collision.

2. Petitioner in certiorari excepts to the following ruling of the Court of Appeals in headnote 2 (corresponding to Division 2) of its opinion: "The right of the insured to maintain a tort action for personal injuries is superior to the rights the liability insurer has in an unratified release obtained from the tortfeasor. Accordingly, the insured may prevent the insurer from pleading the release to a cross-action filed to the insured's action for personal injuries, as the filing of the defense of re-

lease by the insurance company would destroy the insured's cause of action." In arriving at that conclusion, the Court of Appeals followed two of its previous decisions, *Foremost Dairies v. Campbell Coal Co.*, 57 Ga. App. 500 (196 SE 279), and *Cochran v. Bell*, 102 Ga. App. 617 (117 SE2d 645), the *Foremost* case following like decisions from other jurisdictions (see annotation 32 ALR2d 937), and held that Aetna, while having the right to effect the settlement of a claim for damages against its insured without any authority or direction from the insured, in so doing acted not as an agent of the insured, but as an independent contractor, and thus the insurer did not by that act bar the insured's cause of action against Garden Lakes and its agent; that the insured may elect to ratify or reject the release; that by bringing suit she made an election and repudiated the release, and the release is as to her vitiated and of no effect, just as if it had never been obtained; and further that the insured has the right to maintain her action and to prevent Aetna from pleading in her case the release which she repudiated. To hold otherwise, the court said, "would be to sanction the feasibility that an insurer could, by settling the smallest claim of one in opposition to its insured, conclude and nullify the insured's cause for possible grave injury and damage arising from the negligence of the other." The Court of Appeals and other courts in an effort to prevent such dire consequences have devised an ingenious method of protecting an insured from his own contract. While such dire consequences would be unfortunate, yet the insured voluntarily entered into the contract and bound herself by its terms. Furthermore, we are constrained by the fact that courts are required to decide cases upon applicable and controlling principles of law and to leave to the legislative branch of government the correction of the law necessary to avoid such evil.

The controlling principles of law applicable here are those having to do with principal and agent. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." *Code* § 4-101. In settling the claim with Spector and Garden Lakes, Aetna was acting for

and in behalf of Mrs. Brooks under express authority from her.

The insurer (Aetna) by its contract obligated itself to pay on behalf of the insured (Mrs. Brooks) such sum as the insured may become legally obligated to pay, and the contract expressly provides that "the company may make such investigation and settlement of any claim or suit as it deems expedient." The insurer's obligation to pay arises only after liability is established against the insured. The authority is to settle any claim against the insured, not to settle any claim against the insurer, for it has no liability until the legal obligation of the insured is established. Thus it is clear that the insurer in settling the claim was acting for and as agent of the insured under express authority from the insured. Mrs. Brooks is bound by the settlement. "The principal shall be bound by all the acts of his agent within the scope of his authority. . . " *Code* § 4-302.

The release from Spector and Garden Lakes held by Mrs. Brooks is valid and is a bar to the cross-action brought by Garden Lakes against Mrs. Brooks. *Allstate Ins. Co. v. Hill*, 218 Ga. 430, supra. This being true, the Court of Appeals erred in holding that Aetna would not be permitted to plead the release to bar the cross-action filed by Garden Lakes to the action brought by Mrs. Brooks against Spector and Garden Lakes, even though the effect of such pleading would be, as the Court of Appeals pointed out, to bar Mrs. Brooks' action against Spector and Garden Lakes as the settlement by her agent with Spector and Garden Lakes also settled her claim against them. *Cochran v. Bell*, 102 Ga. App. 617 (1) (117 SE2d 645).

*Judgment reversed. All the Justices concur, except Head, P. J., and Quillian, J., who dissent.*