40663. NATIONAL DAIRY PRODUCTS CORPORATION v. SOUTHEASTERN ADJUSTERS, INC. et al.

FRANKUM, Judge. 1. Where an insurance company issues a liability policy to its insured, and thereafter a motor vehicle of the assured covered thereby is involved in a collision which results in a claim for damages being made against the assured on account of the alleged negligence of the driver of its vehicle, and where the insurance company, in the exercise of its rights and obligations under the policy and acting for and on behalf of the assured, compromises and settles such claim by the payment of a sum of money to the claimant, taking in return therefor a release of all claims by such claimant, such settlement and release, when entered into by the insurance company under the authority of the policy and under its terms, operate as a full settlement and release of all claims by the assured against the claimant, as well as a settlement and release of all claims against the assured by such third party claimant, and is a bar to any action by the assured against the claimant for injuries and damages proximately resulting from the occurrence in question. *Allstate Ins. Co. v. Hill,* 218 Ga. 430 (128 SE2d 321); *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798).

2. While this court may have held contrary to the rule announced above in cases such as *Foremost Dairies, Inc. v. Campbell Coal Co.,* 57 Ga. App. 500 (196 SE 279); *Lowance v. Dempsey,* 99 Ga. App. 592 (109 SE2d 318); and *Cochran v. Bell,* 102 Ga. App. 617 (117 SE2d 645), the effect of the decisions of the Supreme Court in the *Allstate* and *Aetna* cases, supra, was to declare not a new rule of law, but that the ruling of the Court of Appeals in the prior cases was not and had never been the law. *Mutual Life Ins. Co. v. Barron,* 70 Ga. App. 454, 460 (28 SE2d 334), affirmed 198 Ga. 1 (30 SE2d 879); see 21 CJS 326-7, Courts, § 194a.

3. The fact that the plaintiff and its insurance carrier may have

contracted with respect to the motor vehicle liability coverage during the time intervening between the decision in *Foremost Dairies, Inc. v. Campbell Coal Co.,* 57 Ga. App. 500, supra, and the decisions in *Allstate Ins. Co. v. Hill,* 218 Ga. 430, supra, and *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593, supra, would not operate to prevent the rulings in the latter two cases from being given a retrospective application as regards the rights of the parties here, since no question as to the interpretation or meaning of a statute is involved, and the mere fact that the plaintiff and its insurance carrier may have contracted during such intervening period is immaterial. Any other rule would prevent the Supreme Court or this court from ever declaring the correct rule with respect to the rights of parties where an incorrect rule had once been previously enunciated on the same or similar facts.

4. Upon application of the foregoing rules the superior court did not err in entering a summary judgment for the defendant in this case.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED MAY 28, 1964—REHEARING DENIED JUNE 18, 1964.

*Peek, Whaley & Blackburn, J. Corbett Peek, Jr., Glenville Haldi,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Sam F. Lowe, Jr., Edward F. Kern,* contra.

