41842.  ROBERTS v. GOODWIN et al.

ARGUED MARCH 8, 1966—DECIDED MAY 2, 1966—
REHEARING DENIED MAY 13, 1966—

*Paul C. Myers, William I. Aynes,* for appellant.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, W. Wray Eckl,* for appellees.

HALL, Judge. Georgia Laws 1963, p. 643, provides in part: "From and after the passage of this Act, any provision in a liability policy of insurance which provides that the insurer shall have the right to compromise or settle claims of third persons against the insured without the consent of the insured shall be deemed to create, as between the insurer and the insured, the relationship of an independent contractor so that the insured shall not be precluded from asserting a claim or cause of action against third persons, notwithstanding the settlement by the insurer of such claims of third persons, unless the insured shall previously have consented thereto in writing; provided that in all such cases where the insurer shall settle the claims of third persons against the insured, without such written consent, it shall be the duty of the insurer to inform such third persons in writing of the lack of consent of the insured and that the insured is not thereby precluded from the further assertion of claims against such third persons, before taking from such third persons any release, covenant not to sue, or other settlement; . . . If such third persons execute a release, covenant not to sue, or other instrument in settlement of their claims after such notice of the lack of consent of the insured, the same shall be deemed and construed as a bar to the further assertion by such third persons of such claims against all persons whomso-

ever, and such third persons shall not plead such release, covenant not to sue or settlement in bar of any action or claim asserted by such insured."

Before this enactment this court had held that a liability insurer settling a claim against its insured without specific authority or direction from the insured did not act as an agent of the insured, but as an independent contractor; but that when the insured, as a plaintiff, successfully relied on a release obtained by the insurer to defeat a counterclaim filed by the defendant to the insured plaintiff's action for damages, this constituted a ratification by the insured of the insurer's settlement of all claims arising out of the transaction and authorized the dismissal of the insured plaintiff's suit against the defendant. *Cochran v. Bell,* 102 Ga. App. 617 (117 SE2d 645). The Georgia Supreme Court thereafter held that a liability insurer effecting settlement of a claim against its insured without the insured's knowledge or consent, as authorized by the contract, did so as the agent of the insured and the settlement released the insured's claim against the other party. *Aetna Cas. & Surety Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798). The *Aetna* decision is not effective, of course, after the 1963 Act.

The decision in *Cochran v. Bell,* supra, that the plaintiff in relying on the settlement made by her insurer to defeat the defendant's counterclaim ratified it as a settlement of her claim against the defendant as well as of the defendant's claim against her, is not applicable because it is in conflict with the provisions of the 1963 Act, supra, that "the insured shall not be precluded from asserting a claim or cause of action against third persons, notwithstanding the settlement by the insurer of such claims of third persons, unless the insured shall *previously* have consented thereto in writing . . ." (Emphasis supplied). At the time of that decision there was no positive statute in force governing settlements by insurers without the consent of the insured. The Act does not say "the insured shall not be precluded from asserting a claim . . . against third persons provided the insured does not plead the act in bar to the claim of third persons," and does not say "third persons shall not plead such release . . . in bar of any action or claim asserted by such insured unless the insured pleads the act in bar to a claim of third persons."

Following this enactment, when the insured pleads a settlement between his insurer and a third person made in accordance with the terms of the Act, the insured is only taking advantage of the controlling statutory provision that the settlement "shall be deemed and construed as a bar to the further assertion by such third persons of such claims against all persons whomsoever"; and to construe the insured's pleading and reliance on the settlement as a ratification of it as a settlement and bar of his claim against the third person (as was done in *Cochran v. Bell,* supra, prior to the Act) would be contrary to the expressed statutory purpose that "the insured shall not be precluded from asserting a claim or cause of action against third persons, notwithstanding the settlement by the insurer of such claims of third persons, unless the insured shall previously have consented thereto in writing," and "such third persons shall not plead such release, covenant not to sue or settlement in bar of any action or claim asserted by the insured." When the insured has introduced the settlement into the pleadings to give effect to the statute, and the third person then pleads that the settlement is a bar or accord and satisfaction of the insured's claim, the third person acts contrary to the provision that he "shall not plead such . . . settlement in bar of any action or claim of the insured"; and to uphold such a position taken by the third person would be to place a severe penalty on the insured—the destruction of his claim—for taking advantage of the statute. This obviously would be contrary to the law.

The plaintiff in this case pleaded a settlement between the insurer and the defendant which complied with the terms of the statute, and which, as specifically provided by the statute, barred the defendant's assertion of "claims against all persons whomsoever." The plaintiff's reliance on the insurer's settlement governed by this statute as a settlement of the defendant's claim against her did not constitute a ratification of the settlement as a settlement of her claim against the defendant as well.

If it is a problem to insurers that their insureds can independently settle their own claims against other persons without obtaining release from those persons of actions their insurers are obligated to defend, insurers might consider dealing with the

problem by offering clear, prominent, and reasonable contract provisions for notice to them of proposed settlements.

The judgment sustaining the defendant's plea of accord and satisfaction and dismissing the plaintiff's petition is reversed.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*