### 46172. GREEN v. FAGAN.

ARGUED MAY 5, 1971—DECIDED SEPTEMBER 10, 1971.

*Bryan, Carter, Ansley & Smith, James B. Gurley,* for appellant.

*T. M. Smith, Jr.,* for appellee.

EVANS, Judge. Although the appellate courts of Georgia have held time and again that a property damage settlement also settles a claim for personal injuries growing out of the same incident and against the same party, none of the cases cited in the appellee's brief has come to grips with the recent statute enacted in 1963 (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1).

The new statute was enacted by the General Assembly to correct a situation dealt with in the case of *Aetna Cas. & Surety Co. v. Brooks,* 106 Ga. App. 427 (127 SE2d 183), in which case certiorari was granted by the Supreme Court of Georgia and the case was reversed in 218 Ga. 593 (129 SE2d 798). There an insurance

company acted as agent of its insured and effectively compromised and settled its insured's claim against a third party by paying the third party and in effect admitting that its own insured was at fault.

The statute was adopted to affirm the Court of Appeals decision in *Aetna,* which had been reversed by the Supreme Court.

The Supreme Court in the *Brooks* case, supra, substantially holds that where A and B have an automobile collision, and each asserts a claim against the other, if A's insurer pays the claim asserted by B, then A cannot successfully maintain a suit against B, because A's own insurer (acting as his agent) has in effect admitted that B was right and A was wrong as to the negligence causing the collision. The new statute corrected this situation and requires the insurer to secure the written consent of its own insured before making settlement; and if it has no written consent, it must give notice to the person with whom settlement is being made of the insurer's lack of written consent at the time of making settlement: ". . . and upon the failure of the insurer to give such notice to such third person of the lack of consent of such insured, such release, covenant not to sue or other settlement shall be of no effect, null and void." *Code Ann.* § 56-408.1.

In the case sub judice there was no written consent by the insured person authorizing his insurer to settle; and there was no notice given by the insurer of lack of such written consent, and the settlement was therefore "of no effect, null and void."

The cases of *Jackson v. Kight,* 117 Ga. App. 385 (2) (160 SE2d 668), *Fillingame v. Cook,* 119 Ga. App. 140 (3) (166 SE2d 440), and *Fisher v. Pirtle,* 119 Ga. App. 556 (167 SE2d 613), wherein *Code Ann.* § 56-408.1, supra, has been construed by this court, are not applicable to the facts in the case sub judice.

While in *Edwards v. Fincher,* 122 Ga. App. 176 (176 SE2d 505) this court followed *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680), examination of that case shows that no question was raised as to compliance with *Code Ann.* § 56-408.1 and it is presumed that the statute was complied with, and that case and the *Gregory* case are therefore not applicable here. We have also examined *Sorrells v. Atlanta Transit System,* 218 Ga. 623 (129 SE2d 846), rendered by the Supreme Court at the January term 1963 and find it totally

inapplicable, since the 1963 Act was passed by the General Assembly thereafter.

The statute is clear, concise and to the point and states unequivocally that upon the failure of the insurer to give such notice in writing to such third persons of the lack of consent of its insured "such release, covenant not to sue or other settlement shall be of no effect, null and void." The movant having admitted in open court that no such notice was given, the non-compliance with *Code Ann.* § 56-408.1 renders the release and settlement here absolutely void.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*